[No. B081340. Second Dist., Div. Four. Oct. 23, 1995.]

COUNTY OF LOS ANGELES, Plaintiff and Appellant, v.
CIVIL SERVICE COMMISSION OF LOS ANGELES COUNTY,
Defendant and Respondent;
CRAIG CALZADA, Real Party in Interest.

622

## COUNSEL

Goldstein & Kennedy, Gregory G. Kennedy and Heather Appleton for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Green & Shinee and Helen L. Schwab for Real Party in Interest.

## OPINION

**VOGEL (C. S.), Acting P. J.—**

### STATEMENT OF THE CASE

This appeal arises out of a disciplinary action taken against a deputy sheriff, Craig Calzada. After Calzada pled nolo contendere to the *misdemeanor* charge of receiving stolen property—a charge based upon his purchase of three items of electronic equipment from a friend of his brother-in-law—the Los Angeles County Sheriff's Department fired Calzada. Pursuant to Calzada's request, an administrative hearing was conducted. The hearing officer excluded evidence of Calzada's nolo contendere plea. After the parties presented evidence on their respective theories as to Calzada's culpability in buying the equipment, the hearing officer found that Calzada did not know the items were stolen. Nonetheless, the hearing officer recommended a 30-day suspension of Calzada based upon his finding that Calzada should have known, based upon the particular circumstances, that the legality of the transaction was doubtful. The civil service commission adopted this recommendation. Dissatisfied with this result, the county initiated an administrative mandamus action in the superior court, essentially seeking to have its initial decision to fire Calzada upheld. The trial court denied county's request for relief. This appeal by county followed. County's primary claim of error is that it should have been permitted to use Calzada's nolo contendere plea at the disciplinary hearing. Secondarily, county urges that the commission's decision constitutes an abuse of discretion. We reject all of county's claims of error.

### FACTUAL AND PROCEDURAL BACKGROUND

*The Crime and Entry of the Nolo Contendere Plea*

In October 1990, electronic equipment was stolen from a warehouse in the City of Industry.

In November 1990, one of the suspects in the theft told an investigator that Craig Calzada, a nine-year veteran of the sheriff's department assigned to the City of Industry station, had bought some of the stolen property. After further investigation, a search warrant was obtained for Calzada's home. The search revealed a stolen television, "CD" player, and "VCR".

In July 1991, the People filed a one-count *felony* complaint against Calzada, charging him with receiving stolen property. (Pen. Code, § 496, subd. (a).)

In September 1991, at a hearing in the municipal court on the criminal matter, the People moved, pursuant to Penal Code section 17, subdivision (b)(4), to reduce the felony charge to a misdemeanor.[1] The court ordered the complaint to be deemed to have been amended to allege a misdemeanor offense. Calzada's retained counsel stated: "There will be an agreed stipulation in this case" as to sentencing. Calzada indicated he wished to plead "no contest." In the course of explaining the pertinent constitutional rights, the court stated: "Do you understand a no contest plea has the same effect as a guilty plea, but it just cannot be used against you in any possible civil lawsuit arising out of this case?" Calzada responded: "Yes." After Calzada waived his rights and pled no contest to the misdemeanor charge of receiving stolen property, the court placed him on one-year summary probation and ordered him to pay a fine or perform community service.[2]

*The Administrative Proceedings*

In January 1992, after having given Calzada an opportunity to respond, the sheriff's department (the Department) fired him. The Department relied upon Calzada's nolo contendere plea as well as false statements he had allegedly made to internal affairs investigators about the purchase of the stolen property.

Calzada appealed the decision to discharge him. Accordingly, a civil service hearing was conducted in June 1992. The hearing officer sustained Calzada's objection to any use of his "no contest" plea.

The Department presented testimony from several individuals and introduced documentary exhibits about the discovery and investigation of Calzada's receipt of the stolen property. The thrust of the Department's position

---

[1]The court's docket recites: "Pursuant to section 17B4 with the consent of the prosecuting attorney and the defendant, the court determines that the offense is a misdemeanor and this case shall proceed as if the defendant had been arraigned on a misdemeanor complaint."

[2]Calzada subsequently paid the fine.

was that Calzada *knew* the items were stolen. On the other hand, Calzada testified that he bought the items for $700 from a friend of his brother-in-law and that he (Calzada) was told the man was selling the items because he needed to raise money because of an impending divorce. Calzada testified that under these circumstances he had no reason to be suspicious about the status of the goods. Calzada further explained that he understood that a "no contest" plea "was not looked at as guilty in a misdemeanor case, and not the same way that it is in a felony case."[3]

The hearing officer's written report explained that because he had concluded that Calzada's plea of nolo contendere could not be used against him as an admission in the discharge proceeding, he (the hearing officer) had evaluated "the facts presented to him unprejudiced by the plea." He found that Calzada had purchased stolen property and that "the behavior of the vendors during the selling transaction was suggestive of possible illegal conduct [but that] no independent evidence was adduced to show that [Calzada] had been disobedient to the laws." Concluding that Calzada "should have known from the circumstances . . . that the legality of the transaction was doubtful"[4] and that Calzada's actions "were not within the standards of proper peace officer conduct," the hearing officer recommended

---

[3]The internal affairs report recited that Calzada gave the investigators the following explanation for entering his plea of nolo contendere. "Subject Calzada said that his reasons for his plea of 'no contest' were formulated by himself. However he did say that he discussed his reasons with this attorney prior to entering his plea. [¶] Subject Calzada said his felling [*sic*] were that it was bad enough that 'Daddy' got in trouble, let alone do any jail time. He said for his children's sake, he could not disappear for six or eight months. He said his main concern about this 'whole mess' was that he did not want to do any jail time, no matter what. [¶] Subject Calzada said his feeling is that truth has no place in Court. He said in Court it is an examination of your evidence. He said he felt that they could put on a 'great show' and still get shot down, or put on a 'great show' and win. He said due to the 'atmosphere of law enforcement' and the public right now, he did not think that he could get a fair trail [*sic*] regardless of what kind of jury was picked. He said if the jury ever found out that he was a cop, they would think that he should have known better. He said the jury would have formed that opinion 'right out of the gate.' He said that with a misdemeanor conviction, along with 'no jail' he felt that a 'no contest' plea was best for him and his family."

[4]The hearing officer's report explains: "A purchase transaction such as that occurring at [Calzada's] home should cause a person of normal intelligence and maturity to be suspicious of the nature of the enterprise and, even more so when the recipient of the goods is a competent and experienced police officer. The elements of the exchange are indeed surreptitious in that the goods were in their original containers with components in plastic bags, the value of the items was obviously underpriced, no warranty or bill of sale was produced, no explanation was made why the goods had not been returned to the seller for redemption, no identification of the supposed principal party was undertaken, and no reason was articulated to show why such a costly transaction was conducted for cash without issuance of a receipt to establish ownership. All of these factors would certainly lead to the conclusion that such was not a bona fide sale of personal property by an agent of an undisclosed principal."

a 30-day suspension.[5] The hearing officer noted that Calzada had a "positive record of past performance [and] the absence of a disciplinary history." The civil service commission adopted the recommendation.

*The Proceedings in the Trial Court*

County filed a petition for a writ of mandate in the superior court (Code Civ. Proc., § 1094.5), contending that the civil service commission had abused its discretion in reducing Calzada's discharge to a 30-day suspension. Primarily, county urged that the commission, in adopting the hearing officer's report, had erred in upholding the exclusion of Calzada's nolo contendere plea at the administrative hearing. Additionally, county maintained that the commission's findings were not supported by the evidence.

The superior court denied county's petition. Its statement of decision reads: "1. A principle [*sic*] controverted issue at trial is whether Respondent failed or refused to proceed in the manner as required by law by not receiving into evidence and/or considering the *nolo-contendere* charge and plea. [¶] The Court has determined that Respondent did proceed in the manner required by law. The factual and legal basis for this determination is as follows: [¶] The *nolo-contendere* charge and plea should not be received in evidence and/or considered by the hearing officer or this Court; [¶] Short of a direct statutory proviso, the common law does not allow a plea of *nolo-contendere* to be a ground for 'decision or other adverse consequences,' *Cartwright* v. *Board of Chiropractic Examiners* (1976) 16 Cal.3d 762, 773 [129 Cal.Rptr. 462, 548 P.2d 1134]. [¶] 2. A principle [*sic*] controverted issue at trial was whether Respondent's decision of December 2, 1992 is supported by the findings and whether the findings are supported by the evidence. The Court has determined the following: [¶] The findings of Respondent, Civil Service Commission of the County of Los Angeles, are supported by the evidence and the decision and punishment are supported by the findings and represent no abuse of discretion." (Italics in original.)

After county filed a notice of appeal from the judgment denying its petition, Calzada asked the trial court to issue an order reinstating him to his position as a deputy sheriff in accord with the commission's decision. The trial court granted Calzada's motion. This court denied county's subsequent

---

[5]The hearing officer found that the Department had failed to prove that Calzada had made false statements to the investigators.

requests to stay that postjudgment order pending resolution of the present appeal.[6]

## DISCUSSION

### *Evidence of the Nolo Contendere Plea Was Properly Excluded*

 County's primary appellate contention is that it was error to bar the Department from using Calzada's nolo contendere plea at the administrative hearing. As we shall now explain, *Cartwright* v. *Board of Chiropractic Examiners* (1976) 16 Cal.3d 762 [129 Cal.Rptr. 462, 548 P.2d 1134] (*Cartwright*) supports the exclusion of this evidence.

*Cartwright* involved an administrative proceeding to revoke the license of a chiropractor who had pled nolo contendere to a charge of keeping a disorderly house. (Pen. Code, § 316.) At that time, the law permitted the state licensing board to suspend or revoke a license for several reasons, including " 'the conviction of a crime involving moral turpitude . . . .' " (16 Cal.3d at p. 778.) The issue in the case was whether a conviction based upon a plea of nolo contendere constituted a conviction within the meaning of that particular statutory command. Our Supreme Court, after reviewing earlier California decisions in that area, opted to continue with the following rule which represents the minority viewpoint in this country: neither the nolo contendere plea nor the resulting conviction could be used in a situation where a statute authorizes taking disciplinary action based upon a criminal conviction. (*Id.* at pp. 770-771.)

The *Cartwright* court expressed the policy basis of its holding in the following way: "Moreover, the legislative purpose of including the 'conviction' of certain crimes as grounds for discipline in section 10 of the Chiropractic Act and similar statutes is not merely to single out persons who have been the subject of certain procedural formalities but to reach those who have actually committed the underlying offenses. The conviction is significant in the statutory scheme only insofar as it is a reliable indicator of actual guilt. When the conviction rests on the verdict or finding of a trier of

---

[6]One year after Calzada filed his respondent's brief in this court, county filed a formal motion to strike certain portions of that brief. County asserted that Calzada had failed to furnish the appropriate citations to the record for his factual assertions (Cal. Rules of Court, rule 15(a)) and/or had misstated the record. "Although we may strike a brief that fails to comply with the rules of court (Cal. Rules of Court, rule 18), we conclude that no useful purpose would be served by doing so in this case." (*Tsakos Shipping & Trading, S.A.* v. *Juniper Garden Town Homes, Ltd.* (1993) 12 Cal.App.4th 74, 81, fn. 1 [15 Cal.Rptr.2d 585].) We therefore deny the motion.

fact after trial, it means that guilt has been established beyond a reasonable doubt, and when the conviction rests on a plea of guilty, it means that the defendant has voluntarily admitted guilt for all purposes. *But when the conviction is based on a nolo contendere plea, its reliability as an indicator of actual guilt is substantially reduced, both because of the defendant's reservations about admitting guilt for all purposes and because the willingness of the district attorney to agree to and the court to approve the plea tends to indicate weakness in the available proof of guilt.* [¶] Since a conviction after a nolo contendere plea is no more accurate as a reflection of guilt than the plea on which it is based, there appears little if any rational distinction between the basing of administrative discipline on such a conviction and basing it on the plea itself, which is concededly excluded from collateral proceedings. Any inclusion of such convictions as a basis for discipline under section 10 of the Chiropractic Act or similar statutes should be based not on an arbitrary judicial distinction between nolo contendere pleas and the resulting convictions but on a legislative determination that such pleas and convictions are sufficiently reliable indicators of guilt to warrant disciplinary measures for the protection of the public." (16 Cal.3d at pp. 773-774, fns. omitted, italics added.)

Legislative action has substantially narrowed the practical impact of *Cartwright.* At the time of the decision, Penal Code section 1016—the statute authorizing a plea of nolo contendere—had provided that "[t]he legal effect of such a plea shall be the same as that of a plea of guilty." Six years later, the statute was amended so that it now reads: "The legal effect of a [nolo contendere] plea, to a crime punishable as a felony, shall be the same as that of a plea of guilty *for all purposes.*" (Italics added.) At the same time, the Legislature amended Evidence Code section 1300—the hearsay exception for a judgment of a felony conviction—to provide that the exception applies "when offered in a civil action to prove any fact essential . . . *whether or not* the judgment was based on a plea of nolo contendere." (Italics added.) And several licensing statutes, including the one governing chiropractors,[7] have been amended to permit discipline based upon a conviction flowing from a nolo contendere plea. (*Kennick* v. *Commission on Judicial Performance* (1990) 50 Cal.3d 297, 320-321 [267 Cal.Rptr. 293, 787 P.2d 591, 87 A.L.R.4th 679]; and *Opdyk* v. *California Horse Racing Bd.* (1995) 34 Cal.App.4th 1826, 1828 [41 Cal.Rptr.2d 263].)

Having set forth the *Cartwright* analysis and holding, as well as the legislative reaction to it, we reach the first issue raised on this appeal: does

---

[7]In 1978, two years after *Cartwright* was decided, the pertinent statutory scheme was amended to permit revocation of a chiropractic license because of " 'a plea or verdict of guilty *or a conviction following a plea of nolo contendere* made to a charge of a felony or of any offense substantially related to the practice of chiropractic.' [Citation.]" (*Kennick* v. *Commission on Judicial Performance, supra,* 50 Cal.3d at p. 321, fn. 6.)

*Cartwright* bar use of Calzada's plea of nolo contendere in his disciplinary proceeding? We believe the answer is yes.

The theoretical underpinning of the *Cartwright* holding is that a conviction based upon a nolo contendere plea is unreliable because of the myriad reasons which prompt an accused to offer such a plea. (See, e.g., Note, *Nolo Contendere Plea* (1971) 44 So.Cal.L.Rev. 737, 744-752.) Accordingly, *Cartwright* barred the "collateral use of convictions based on nolo contendere pleas . . . ." (*Cartwright*, *supra*, 16 Cal.3d at p. 773.) Because *Cartwright* indicated that the nolo contendere plea is no more an accurate reflection of guilt than the ensuing conviction (*id.* at p. 774), it follows that the ruling excluding use of Calzada's nolo contendere plea at the administrative hearing was proper.[8]

County advances several arguments to avoid the force of this conclusion, none of which has merit.

County first urges that *Cartwright* is no longer "binding authority . . . in light of subsequent legislative enactments and judicial decisions." While county is correct that, as we have already noted, legislative action has substantially narrowed *Cartwright*'s practical impact in many situations, its holding barring use of nolo contendere pleas in administrative proceedings is still the controlling legal principle unless and until the Legislature has acted to the contrary. (See *Kennick* v. *Commission on Judicial Performance*, *supra*, 50 Cal.3d at p. 321.) County has pointed to no contrary provision of law

---

[8]We note that even in those civil actions in which a nolo contendere plea is admissible, the party is traditionally permitted to contest the truth of the matters admitted by the plea, to present all facts surrounding the nature of the charge and the plea, and to explain why the plea was entered. (*People* v. *Goodrum* (1991) 228 Cal.App.3d 397, 402-403 [279 Cal.Rptr. 120]; see also *Pease* v. *Pease* (1988) 201 Cal.App.3d 29, 32-34 [246 Cal.Rptr. 762]; *Arenstein* v. *California State Bd. of Pharmacy* (1968) 265 Cal.App.2d 179, 191 [71 Cal.Rptr. 357].) This is because "[t]here are many potential reasons for entry of a nolo plea . . . which should negate its consideration as an actual determination of the degree of culpability in subsequent civil proceedings [citation]. A nolo contendere plea in this state necessarily implies a bargain and is seen as an agreement between the prosecution and the defendant, for the limited purpose of the particular case, and no other purpose [citation]. Consequently, . . . the court in any subsequent civil proceeding must independently examine the facts in order to determine whether the defendant actually committed the offense alleged for purposes of the particular civil proceeding [citation]." (*Estate of McGowan* (1973) 35 Cal.App.3d 611, 618 [111 Cal.Rptr. 39], fn. omitted.)

The only time a party can be barred from relitigating the issues ostensibly resolved by the nolo contendere plea is if the Legislature has specifically provided for an adverse consequence (e.g., license revocation) upon the conviction of a crime flowing from a nolo contendere plea and the crime bears a substantial relationship to the qualifications, duties, or functions of a licensed business or profession. (*Arenson* v. *Fox* (1980) 28 Cal.3d 440, 446-450 [170 Cal.Rptr. 778, 621 P.2d 817].)

which governs this situation. Thus, absent explicit legislative intervention, *Cartwright* controls.[9] (Cf. Gov. Code, § 19572, subd. (k), which sets forth as a cause of discipline of a member of the state civil service a "[c]onviction of a felony or a conviction of a misdemeanor involving moral turpitude" and further provides that ". . . a conviction following a plea of nolo contendere, to a charge of a felony or any offense involving moral turpitude is deemed to be a conviction within the meaning of this section.")

County next relies upon several portions of Penal Code section 1016, subdivision 3 to urge that it should have been allowed to use Calzada's nolo contendere plea. That section is the statutory authorization for a plea of nolo contendere. It provides: "Nolo contendere, subject to the approval of the court. The court shall ascertain whether the defendant completely understands that a plea of nolo contendere shall be considered the same as a plea of guilty and that, upon a plea of nolo contendere, the court shall find the defendant guilty. The legal effect of such a plea, to a crime punishable as a felony, shall be the same as that of a plea of guilty for all purposes. In cases other than those punishable as felonies, the plea and any admissions required by the court during any inquiry it makes as to the voluntariness of, and factual basis for, the plea may not be used against the defendant as an admission in any civil suit based upon or growing out of the act upon which the criminal prosecution is based."

County maintains use of Calzada's plea would have been proper because the statute provides, in part: "The legal effect of such a plea [of nolo contendere], to a crime punishable as a felony, shall be the same as that of a plea for guilty for all purposes." In so contending, county relies upon the fact that the offense of receiving stolen property is a wobbler—it can be prosecuted as a felony or a misdemeanor (Pen. Code, § 496, subd. (a))—and the fact that the People initially charged Calzada with a felony violation. County's contention lacks merit because it ignores the fact that, as part of the case disposition, the People agreed to reduce the charge against Calzada *to a misdemeanor*.

■ Penal Code section 17, subdivision (b)(4) provides: "When a crime is punishable, in the discretion of the court, by imprisonment in the state

---

[9]The failure of the Legislature to act in this area has created an anomalous situation. A conviction based upon a nolo contendere plea can lead to the revocation of a chiropractor's license or the disciplining of a state employee but such a conviction cannot be used to discipline a deputy sheriff. Since a public safety officer occupies a position of public trust and is therefore held to a higher standard than other employees (see, e.g., *Nicolini* v. *County of Tuolumne* (1987) 190 Cal.App.3d 619 [235 Cal.Rptr. 559]; *Ackerman* v. *State Personnel Bd.* (1983) 145 Cal.App.3d 395 [193 Cal.Rptr. 190]), the Legislature may wish to consider permitting the disciplining authority to consider the fact that an officer has been convicted based upon entry of a nolo contendere plea.

prison or by fine or imprisonment in the county jail, *it is a misdemeanor for all purposes* under the following circumstances: [¶] When the prosecuting attorney files in a court having jurisdiction over misdemeanor offenses a complaint specifying that the offense is a misdemeanor . . . ." The purpose of this provision is "to permit the selection of offenders who merit more lenient treatment, to encourage guilty pleas by limiting the potential penalty and to save court time and expense." (*Malone* v. *Superior Court* (1975) 47 Cal.App.3d 313, 317 [120 Cal.Rptr. 851].)

 The docket of the proceeding in which Calzada pled nolo contendere recites that the court deemed the complaint to have been amended to charge a misdemeanor—the functional equivalent of the filing of a misdemeanor complaint from the outset—and that "[t]he court determines that the offense is a misdemeanor and this case shall proceed as if the defendant had been arraigned on a misdemeanor complaint." These statements are consistent with the statutory language found in Penal Code section 17, subdivision (b)(4) that the prosecutor's election to proceed upon a misdemeanor complaint renders the offense a misdemeanor for all purposes.

We therefore reject county's argument that the mere fact that the crime could have been and, in fact, was initially prosecuted as a felony brings it within the ambit of Penal Code section 1016's provision that it was "a crime punishable as a felony" so that Calzada's nolo contendere plea should be treated as "a plea of guilty for all purposes." Acceptance of that argument would effectively negate the clear statutory command found in Penal Code section 17, subdivision (b)(4) and amplified in the trial court's docket that the matter was considered a misdemeanor.

Anticipating the conclusion that the crime to which Calzada pled nolo contendere was not one punishable as a felony, county next advances an alternative argument in which it relies upon that portion of Penal Code section 1016, subdivision 3 which recites: "In cases other than those punishable as felonies, . . . the [nolo contendere] plea may not be used against the defendant as an admission *in any civil suit* based upon or growing out of the act upon which the criminal prosecution is based."[10] (Italics added.) County argues that an administrative disciplinary proceeding is *not* a "civil suit"

---

[10]Penal Code section 1016 had originally prohibited use of a nolo contendere plea in a subsequent civil suit whether the plea was to a felony or to a misdemeanor. In 1982, the Legislature amended the section to permit use of a nolo contendere plea *to a felony* in a subsequent civil suit but to bar use of a nolo contendere plea *to a misdemeanor* in a subsequent civil suit. The Legislature did so in order to assist victims of felonies to recover money damages for injuries sustained during the crime in the circumstance in which the defendant elected to enter a plea of nolo contendere. (See Historical Note, 50A West's Ann. Pen. Code (1985 ed.) § 1016, p. 486.)

within the meaning of this statute so that by implication use of a nolo contendere plea to a misdemeanor in the administrative proceeding is permissible. That is, county urges that the statutory bar on use of a nolo contendere plea would apply only if the victim of the theft were to sue Calzada for conversion and attempt to use Calzada's plea to establish his civil liability. This argument is clever but must fail. County ignores the fact that this analysis of what is and is not a "civil suit" within the meaning of Penal Code section 1016 was the position taken by *the dissenting opinion* in *Cartwright,* 16 Cal.3d at pages 779-780 (dis. opn. of Richardson, J.) and the opinion in *Christensen v. Orr* (1969) 275 Cal.App.2d 12, 13 [79 Cal.Rptr. 656], a case the *Cartwright* majority specifically disapproved (*Cartwright, supra,* at p. 772). The *Cartwright* majority first cited with approval the analyses found in *Kirby v. Alcoholic Bev. etc. App. Bd.* (1969) 3 Cal.App.3d 209, 219-221 [83 Cal.Rptr. 89], and *Grannis v. Board of Medical Examiners* (1971) 19 Cal.App.3d 551, 557-560 [96 Cal.Rptr. 863], that under the minority view followed in California the statutory bar on the use of a nolo contendere plea in a civil action extended to an administrative action and then concluded that applicable case law bars the collateral use of either a plea of nolo contendere or a conviction based upon such a plea absent express legislative authorization. (16 Cal.3d at pp. 773-774.)[11]

Lastly, county relies upon Evidence Code section 1300 to urge that evidence of Calzada's plea should have been admitted at the disciplinary hearing. The reliance is misplaced. That provision merely creates an exception to the hearsay rule of exclusion for a judgment of conviction punishable as a felony. The exception applies even if the judgment was based upon a plea of nolo contendere. This provision of the Evidence Code is of no help to county because it only addresses the issue of overcoming a hearsay objection to the use of the judgment of conviction—it does not address the threshold issue of relevancy, the point at which precedent compels exclusion of evidence of Calzada's plea.

*The Trial Court Did Not Err in Upholding the Commission's Decision*

County filed a petition in the trial court pursuant to section 1094.5 of the Code of Civil Procedure to overturn the decision of the commission. The issue was whether the commission had abused its discretion in deciding to

---

[11]In light of this analysis, county's reliance upon the civil service rule permitting the admission into evidence at the administrative hearing of "[a]ny relevant evidence . . . regardless of the existence of any common law or statutory rule which might make improper the admission of such evidence or objection in civil actions" is misplaced. This rule does not override the governing public policy, set forth in decisional and statutory law, against the use of a nolo contendere plea or conviction.

limit Calzada's punishment to a 30-day suspension. "Abuse of discretion is established if the [administrative agency] has not proceeded in the manner required by law, the order or decision is not supported by the findings, or the findings are not supported by the evidence." (Code Civ. Proc., § 1094.5, subd. (b).)

■ The first issue is the standard of review to be applied by the trial court in evaluating the commission's decision. In that regard, the key fact is that the administrative mandamus proceeding was initiated by county in an effort to reinstate the Department's earlier decision to fire Calzada. "It is well-established that an employer's right to discipline or manage its employees . . . is *not* a fundamental vested right entitling the employer to have a trial court exercise its independent judgment on the evidence. [Citations.]" (*Los Angeles County Dept. of Parks & Recreation* v. *Civil Service Com.* (1992) 8 Cal.App.4th 273, 279 [10 Cal.Rptr.2d 150], italics in original.) Therefore, the trial court was required to utilize the substantial evidence test in reviewing the commission's decision. And on an appeal from the decision of the trial court, we review the administrative decision, not the superior court's decision, by the same standard—the substantial evidence test. (*County of Santa Clara* v. *Willis* (1986) 179 Cal.App.3d 1240, 1250 [225 Cal.Rptr. 244].)

■ County contends that substantial evidence does not support the commission's findings and that its decision to impose a 30-day suspension was an abuse of discretion. We disagree.

In particular, county disputes the commission's finding, upheld by the trial court, that the circumstances were only such as to put Calzada on notice "that the legality of the transaction was doubtful." County urges that the commission should have found that Calzada *knew* the items were stolen.[12] County claims that the evidence "clearly give[s] rise to [that] inference." This argument is unpersuasive because the evidence, particularly Calzada's testimony which the hearing officer chose to credit to a certain extent, also gave rise to a contrary inference. ■ In essence, county's contention is nothing more than a request that we reweigh the evidence and the credibility of the witnesses. We are not empowered to do that. Our task begins and ends with the inquiry of whether there was substantial evidence to support the

---

[12] To a certain extent, county appears to misapprehend the elements of the crime of receiving stolen property. While it is true that circumstantial evidence can be used to show the accused knew the property was stolen (see, e.g., *People* v. *McFarland* (1962) 58 Cal.2d 748, 752 [26 Cal.Rptr. 473, 376 P.2d 449]), the People, nonetheless, must still establish the accused had *actual* knowledge of the stolen character of the property in order to convict. (*People* v. *Anderson* (1989) 210 Cal.App.3d 414, 420 [258 Cal.Rptr. 482].)

commission's findings. (*Lowe* v. *Civil Service Com.* (1985) 164 Cal.App.3d 667, 676 [210 Cal.Rptr. 673].) Consequently, there is no need for us to dissect every argument the county makes in support of its position. Suffice it to note that we have read the testimony of the witnesses at the disciplinary hearing and reviewed the exhibits introduced at the hearing and conclude that all of the commission's findings are supported by the evidence. Simply stated, we cannot conclude, as a matter of law, that the hearing officer, whose recommendation the commission adopted, erred in crediting Calzada's testimony as to how and why he came to purchase the stolen property.

In a similar vein, we find no abuse of discretion in the penalty imposed by the commission. An appellate court is not free to substitute its discretion for that of the administrative agency. "If reasonable minds may differ with regard to the appropriate disciplinary action, there is no abuse of discretion." (*Lowe* v. *Civil Service Com.*, *supra*, 164 Cal.App.3d at p. 677.) Given the commission's findings as to Calzada's state of mind when he purchased the property, findings which are supported by the evidence, and Calzada's nine-year job performance in which he had never been disciplined, we cannot say the commission abused its discretion in imposing a thirty-day suspension.

### DISPOSITION

The judgment is affirmed.

Hastings, J., and Klein (Brett), J.,* concurred.

Appellant's petition for review by the Supreme Court was denied February 22, 1996.

---

*Judge of the Municipal Court for the Los Angeles Judicial District sitting under assignment by the Chairperson of the Judicial Council.