**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**REAL PROPERTY LOCATED AT 25445 VIA DONA CHRISTA, VALENCIA, CALIFORNIA, Defendant,**

**and**

**Ramdas P. Gupta, Claimant–Appellant.**

**No. 95–56352.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 1997.

Decided March 3, 1998.

---

Steven A. Ellis (Argued), James M. Harris, and Joel K. Liberson, Sidley & Austin, Los Angeles, California, for defendant-appellant.

Janet C. Hudson, Assistant United States Attorney, Los Angeles, California, for plaintiff-appellee.

Before: GIBSON,* KOZINSKI, and TROTT, Circuit Judges.

TROTT, Circuit Judge:

## OVERVIEW

Ramdas Gupta, Claimant–Appellant, appeals the civil forfeiture of his real property pursuant to 21 U.S.C. § 881(a)(7) (1994). Claimant's property was seized in connection with continuous drug sales and activity.

* The Honorable Floyd R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

Claimant argues that the district court erred in reinstating civil forfeiture of his property, because the forfeiture was an excessive fine under the Eighth Amendment of the Constitution. We respectfully disagree. Forfeiture was appropriate. The government met its burden by showing Claimant's property was an instrumentality in his crimes. Furthermore, Claimant failed to show the forfeiture was disproportionate to his culpability.

The additional issues raised by Claimant are precluded from review. The district court's reinstatement of forfeiture is affirmed.

## BACKGROUND

Claimant and his family have been arrested for selling and possessing drugs for sale on several occasions. Each incident was directly or indirectly related to the property. Therefore, the government seized Claimant–Appellant's house and property pursuant to 21 U.S.C. § 881(a)(7), which allows civil forfeiture of property used in any part or manner to facilitate drug-related crimes.

On January 14, 1986, Claimant was arrested for selling marijuana. Responding to a tip, the police observed him making a drug deal in a store parking lot. The police had information that Claimant took telephone orders for drugs on his home telephone and then delivered the drugs to the buyers at the store parking lot. They searched his vehicle and found empty baggies, a pipe, a baggie containing marijuana, the money Claimant received from the observed sale, and more marijuana in Claimant's briefcase in the trunk of the car. When the police investigated Claimant, Claimant's daughter's boyfriend gave them a list of Claimant's drug clients obtained from inside the house. The boyfriend said Claimant had been selling drugs since Raj Gupta, his son, had been imprisoned four months earlier.

On August 20, 1987, Claimant was arrested again for selling marijuana. Police had received a tip that Claimant was selling mari-

juana daily. They used a cooperating witness to make a drug buy. Claimant met the witness at a shopping center parking lot after he took her order over his home telephone. The police witnessed the sale and arrested Claimant shortly thereafter. Policed seized a baggie of marijuana from his car. Claimant confirmed he had been selling marijuana since his son went to prison. He pled nolo contendere, which is the same as a guilty plea in California. Cal.Penal Code § 1016(3) (1985).

On January 6, 1989, the police executed a search warrant to search Claimant's home. Probable cause for the search warrant was based on the following information:

1) A reliable citizen-informant witnessed Claimant selling drugs and wrote down the license plate number of the car;

2) The police officer checking the license plate number recognized Claimant's name from the first arrest;

3) The same officer checked Claimant's record and discovered Claimant's subsequent arrest;

4) An anonymous caller reported Claimant was selling drugs from his house;

5) The police found a police report from Claimant's daughter's December, 1988 arrest. This report noted the position of Claimant's bedroom in the house, and it stated Claimant's bedroom had marijuana residue on the floor and contained three grams of marijuana.

During the search, the police found five portable gram scales and empty baggies in Claimant's bedroom, a small amount of marijuana in Claimant's pocket, a gram scale and baggies with marijuana residue in the kitchen, and six baggies containing a total of 250 grams of marijuana behind a mirror. Claimant was arrested for possession of marijuana for sale.

Two months later, the police executed another search warrant for the property. This time Claimant was not home,[1] but his son, Raj Gupta, was present. Police seized a large balance beam scale, two large baggies containing marijuana (approximately 862 grams), a small baggie with two grams of marijuana, two smaller scales, a box of sandwich baggies, a plastic baggie with marijuana residue, and a baggie containing 14.8 grams of cocaine. Raj Gupta was arrested and charged with possession of cocaine and marijuana for sale.

Three months later, the police executed yet another search warrant for the property. Claimant was at his home this time. When he heard the police, he ran into his bathroom and tried to flush 68.3 grams of marijuana down the toilet. The police recovered it. In addition, the police found numerous baggies with marijuana residue in Claimant's bedroom. In Claimant's daughter's room, police found a plastic gram scale inside a box coated with cocaine residue, two metal gram scales, and a baggie with marijuana residue. Claimant was again arrested for possession of marijuana for sale. He again pled nolo contendere.[2]

Six days later, the police searched the property again. They had received a tip from neighbors who were aware of the earlier raid. The neighbors reported that Claimant's family often dug in the yard at night. The police believed the digging was related to the drug activity at the home. Because Claimant had signed waivers regarding search and seizure as a condition of probation, the police were able to search the house and property without a warrant.

The police searched the yard using drug-sniffing canines. They found a can wrapped with plastic buried in a planter. Before unwrapping the can, an officer brought the can in the house. When Claimant saw the unwrapped can he rolled his eyes skyward and said, "Oh no!" burying his head in his arm. Police found three more of these cans buried

---

1. At the time of the search, the government asserts Claimant was away from home because he was in a drug rehabilitation program as a condition of probation, and that Claimant's daughter was also in drug rehabilitation. Claimant asserts that he was away from the house recovering from a heart attack.

2. Claimant asserts the only reason he pled nolo contendere is that he could not face a trial with his heart condition.

outside. Together, the four cans contained a total of 538.3 grams of marijuana.

The police also searched the inside of the house. They found 1.2 grams of marijuana in Claimant's bedroom and four baggies with marijuana residue in his personal bathroom. The police arrested Claimant, charging him with possession for sale again.

Subsequently, the government seized Claimant's property for civil forfeiture pursuant to 21 U.S.C. § 881(a)(7). The district court signed an order granting judgment in favor of the government in the forfeiture proceeding. Claimant appealed, but did not seek a stay of execution of judgment pending appeal. The government sold the property in December 1994. The net amount realized from the sale after payments of loans, secured bail bonds, and fees was $20,863.64.

On appeal, this court held that the district court was biased and remanded for a different judge to determine if the property should have been forfeited. The second district judge also held that the property should have been forfeited. Claimant appealed again, but before the second appeal was heard, the Supreme Court ruled that forfeiture under 21 U.S.C. § 881 was subject to the excessive fines clause of the Eighth Amendment. *Austin v. United States*, 509 U.S. 602, 604, 113 S.Ct. 2801, 2803, 125 L.Ed.2d 488 (1993). This court concluded that *Austin* applied to all cases not yet final on June 28, 1993. Therefore, it remanded the case for consideration in light of *Austin*. This court also held that Claimant's due process arguments regarding forfeiture were waived. The only issue on remand was the excessive fine determination.

■ On remand, Claimant moved for summary judgment.[3] The district court denied Claimant's motion, and sua sponte granted summary judgment for the government, reinstating forfeiture.[4]

Claimant timely appeals, arguing forfeiture was an excessive fine under the Eighth Amendment. He also argues (1) forfeiture violated his due process rights, (2) the district court erred by relying on Claimant's nolo contendere pleas, and (3) forfeiture of his property violated the Double Jeopardy clause.

This court has jurisdiction pursuant to 28 U.S.C. § 1291 (1994).

## STANDARD OF REVIEW

■ The district court's interpretation of federal forfeiture law is reviewed de novo. *United States v.1980 Lear Jet*, 38 F.3d 398, 400 (9th Cir.1994).

## DISCUSSION

■ Claimant argues that the district court erred by not concluding that civil forfeiture of his property pursuant to 21 U.S.C. § 881(a)(7) was an excessive fine under the Eighth Amendment. *Austin*, 509 U.S. at 604, 113 S.Ct. at 2803. This court has established a two-part test for determining if civil forfeiture is excessive. *United States v. 6380 Little Canyon Road*, 59 F.3d 974, 983 (9th Cir.1995). First, "the burden is on the government to show a substantial connection between [Claimant's] property and the offense." *Id.* at 985. Second, if the government meets this threshold, the burden shifts to the Claimant to show the forfeiture of this property would be "grossly disproportionate given the nature and extent of his culpability." *Id.*

### A.

■ The substantial connection or instrumentality prong is established by showing the property "bears a close enough relationship to the criminal activity to subject it to forfeiture." *Id.* The frequency of drug-related activity arising from Claimant's property is persuasive evidence of a substantial

---

3. Appellant fashioned the motion as a motion to dismiss. The district court treated the motion as a motion for summary judgment pursuant to Fed.R.Civ.P. 12(b)(6).

4. A district court "may sua sponte grant summary judgment to the non-moving party" as long

as the moving party was provided a "full and fair opportunity to ventilate the issues in the motion." *Cool Fuel, Inc. v. Connett,* 685 F.2d 309, 311 (9th Cir.1982). Claimant has had such an opportunity.

connection. The volume of activity at Claimant's property was considerable. Claimant or members of his family were arrested at the home for possession of drugs for sale on several occasions. Claimant also took telephone orders at his home to deliver drugs elsewhere.

The quantity of drugs and paraphernalia found at the property also demonstrates that the property was an instrumentality of the crimes. From the three searches of the property in Claimant's presence, the police discovered over 857.8 grams of marijuana, seven measuring scales, and numerous baggies with either marijuana or cocaine residue inside them. In addition, two off-premises searches of Claimant's car yielded more marijuana, baggies, a pipe, and drug money. Police also searched Claimant's house when he was not present. They found approximately 864 grams of marijuana, 14.8 grams of cocaine, more baggies with drug residue, and three measuring scales.

The large amounts of drugs and drug paraphernalia found on the property and the frequent drug activity at the property, establish Claimant's property was substantially connected to his illegal drug activities. The evidence establishes overwhelmingly that Claimant used his property as the center of operations for his continuing enterprise and as a storehouse for his wares and commercial paraphernalia.

Claimant argues that he only uses marijuana for his glaucoma. This argument is patently unbelievable and is clearly a transparent effort to deceive the court. The large amount of marijuana found at his home, the ten scales, and baggies found in every search belie his contentions. These items are associated with drug sales, not medical use.

Claimant also offered a written statement from his daughter. She stated the 250 grams of marijuana found behind the mirror was hers for personal use. She claimed her father did not know it was there. However, her statement does not explain all the other paraphernalia found in the house. The numerous gram scales and baggies found in Claimant's bedroom indicate he was aware of and participated in a drug-selling enterprise.

Likewise, Claimant's son states that the marijuana buried in the yard was his for personal use and that his father did not know about it. This statement is refuted by Claimant's own actions when the police brought in the unwrapped can full of marijuana from the yard. Claimant rolled his eyes skyward, said "Oh no!," and buried his face in his arm when he saw the officer enter with the can. This behavior indicates Claimant's awareness of the can's illegal contents.

This is not a case of an innocent parent unfairly suffering the consequences of his children's illegal activities. Instead, the evidence indicates this was a persistent family-operated drug selling enterprise that was being run out of the forfeited property. The property was clearly an instrumentality in the family's drug business. The government showed enough evidence to meet its burden on the instrumentality prong of *6380 Little Canyon Road,* 59 F.3d at 983.

### B.

■ The second prong of *6380 Little Canyon Road,* required Claimant to prove that the forfeiture was grossly disproportionate to his culpability. *See id.* The district court correctly held that Claimant did not meet his burden. The court properly compared proportionality to culpability by applying the factors set out in *6380 Little Canyon Road. Id.* at 985–86.

■ In assessing culpability, the district court considered the following factors:

(1) whether the owner was negligent or reckless in allowing illegal use of his property;

(2) whether the owner was directly involved in the illegal activity, and to what extent; and

(3) the harm caused by the illegal activity, including (a) the amount of drugs and their value, (b) the duration of the illegal activity, and (c) the effect on the community.

*Id.* at 986.

Claimant was certainly negligent or reckless in allowing drugs to be sold from and stored at his property. His convictions and arrests indicate he was directly involved in

the activity. Claimant's activities also caused harm to the community. A host of drugs and paraphernalia were seized from the house on several occasions. There was at least three years of continuous drug activity at the house until it was seized. Neighbors called in tips to the police in an effort to stop Claimant's drug selling. The neighborhood was exposed to the effects of constant drug raids on the house by the police. Finally, neighbors witnessed the family burying drugs in yard at night. All these factors demonstrate Claimant's actions at the property were highly culpable.

▆ In assessing proportionality, the following factors should be considered:

(1) the fair market value of the property;

(2) the intangible, subjective value of the property, e.g., whether it is the family home; and

(3) the hardship to the defendant, including the effect of forfeiture on defendant's family or financial conditions.

*Id.* at 985.

In this case, the district court considered the approximate amount the property netted after sale. It properly determined the $21,000 netted was not disproportionate to Claimant's culpability. The district court correctly determined that the continuous drug-related activity at the property outweighed any intangible value it had as a family home. Finally, the district court determined that Claimant offered no proof of hardship. The record does not support Claimant's assertions of hardship regarding his daughter's eviction from the house.

The district court properly assessed proportionality and culpability. We affirm the district court's conclusion that forfeiture of Claimant's property was not an excessive fine under the Eighth Amendment.

---

**5.** Even if Claimant had timely raised his assertions, they are both without merit. First, the district court was not precluded from considering Claimant's nolo contendere pleas. *See* Cal.Penal Code § 1016(3) (1985) (nolo pleas are treated the same as guilty pleas); *see also County of Los Angeles v. Calzada,* 39 Cal.App.4th 620, 632 n. 10, 46 Cal.Rptr.2d 256 (Cal.Ct.App.1995) (nolo contendere pleas are the same as guilty pleas and can be used as evidence in civil actions when a felony was involved).

## C.

▆ Claimant's other assertions are not reviewable. In an unpublished opinion, this Court held Claimant's due process argument was waived. Therefore, the law of the case doctrine forecloses review of the issue. *See Wendt v. Host Int'l, Inc.,* 125 F.3d 806, 809 (9th Cir.1997) (appellate court review is "governed by the law of the case doctrine, which prevents courts from reconsidering an issue previously decided by the same court"). Claimant's other assertions are precluded from review because they were brought up too late. In the same unpublished opinion, this court remanded only on the excessive fines issue. Claimant's subsequent attempt to argue the district court improperly relied on his nolo contendere pleas and forfeiture subjected him to double jeopardy are therefore precluded. Furthermore, both claims are without merit.[5]

### CONCLUSION

The district court's conclusion that forfeiture of Claimant's property was not an excessive fine under the Eighth Amendment is affirmed. Claimant's property was substantially connected to his drug-related crimes. Furthermore, forfeiture was not disproportionate to his culpability.

Claimant's other assertions are precluded from review.

AFFIRMED.

---

Claimant's argument that forfeiture subjected him to double jeopardy is also without merit. *See 6380 Little Canyon Road,* 59 F.3d at 987 (federal government is free to pursue forfeiture when Claimant is convicted in state court as state and federal governments are separate sovereigns).