[No. B146415. Second Dist., Div. Seven. June 12, 2002.]

TERRY RUSHEEN, Plaintiff and Appellant, v.
COLLEEN ELIZABETH DREWS et al., Defendants and Respondents.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts II. and III.

**COUNSEL**

Robert F. Henry for Plaintiff and Appellant.

James I. Montgomery, Jr., for Defendants and Respondents.

**OPINION**

**JOHNSON, J.**—Plaintiff Terry Rusheen brought an action for fraud, conversion and negligent misrepresentation against Colleen Elizabeth Drews and her parents, Elmer and Elizabeth Drews. The jury awarded Rusheen $500 in general damages against Colleen Drews.[1] It found no liability on her parents' part. Rusheen appeals from the judgment on the ground the damages were inadequate. He contends he would have received a greater award of general damages and an award of punitive damages had the trial court not erroneously excluded from the trial evidence of defendant Colleen Drews's plea of nolo contendere to felony grand theft of the same automobile which is the subject of this action.

We agree the trial court erred in excluding evidence of Drews's nolo plea. A defendant's plea of nolo contendere to an offense *punishable* as a felony, regardless of whether it is ultimately so punished, is admissible as a party admission in a civil action based upon or growing out of the act upon which the criminal prosecution is based. Furthermore, the trial court abused its discretion in excluding evidence of the plea under Evidence Code section 352. These errors, however, only affected Drews's potential liability for punitive damages. Therefore, we affirm the judgment as to liability and general damages and reverse for a new trial solely on the question of Drews's liability for punitive damages.

---

[1]Unless otherwise noted, references to "Drews" are to Colleen Drews only.

## FACTS AND PROCEEDINGS BELOW

Rusheen brought his Rolls Royce to the repair shop owned and operated by Drews and her husband, William Brady. According to Drews, her husband gave her the car as a birthday gift. After they filed for divorce, Drews went to Oregon to live with her parents, taking the Rolls with her. Although she did not have any paperwork for the car, an Alabama company registered the car in her name. Meanwhile, Rusheen reported the car stolen, but the police were not able to locate the car until after Drews sold it. The police recovered the car from the new owners and returned it to Rusheen.

Drews pled not guilty to felony grand theft of an automobile.[2] She then agreed to a plea bargain and changed her plea to no contest on the date scheduled for the preliminary hearing, with the understanding she would receive probation and the record would be expunged. The trial court accepted this plea and continued the matter for sentencing or probation subject to Drews's completing community service and making restitution of $6,000 to Leslie Rusheen.[3] A year later the court suspended sentence and placed Drews on probation for three years provided Drews meet certain conditions, including making restitution of $11,500 by returning the purchase money to the would-be buyers. The court also reduced the charge to a misdemeanor pursuant to the plea bargain and Penal Code section 17, subdivision (b). The record of conviction was eventually expunged approximately two and a half years later (February 23, 1999), with the nolo contendere plea set aside, a plea of not guilty entered and the case dismissed pursuant to Penal Code sections 1203.3 and 1203.4.

Rusheen brought this civil suit against Drews and her parents, seeking compensatory and punitive damages alleging fraud, conversion, negligent misrepresentation, and concealment. In response to Drews's motion in limine to exclude evidence of her conviction, Rusheen conceded the conviction was inadmissible as impeachment pursuant to Evidence Code section 788 or as collateral estoppel, but argued the evidence could be admitted as a party admission or prior inconsistent statement.[4] The trial court precluded evidence of the plea on the grounds it was inadmissible as a no contest plea to a misdemeanor conviction pursuant to Penal Code section 1016, subdivision 2, and as unduly prejudicial pursuant to Evidence Code section 352.

During trial, Drews asserted her husband gave her the car as a birthday gift. She also testified she did not realize the Rolls had been returned to

---

[2] Penal Code section 489, subdivision (b), formerly section 487h.

[3] During the period Drews exercised dominion over the Rolls, Leslie Rusheen, Terry Rusheen's mother, held title to the vehicle.

[4] Evidence Code sections 1220, 1235.

Rusheen. She thought the Rolls "was being held somewhere until all this could be straightened out" and that she "was hoping to get the car back." Rusheen testified he spent approximately $900 to retrieve the Rolls from Oregon and offered evidence, which was disputed, of actual damage or diminution in value during Drews's possession of the vehicle. The jury found Drews liable for fraud and awarded Rusheen $500 for loss of use. Punitive damages were not awarded because the jury found there was not clear and convincing evidence Drews committed fraud, oppression or malice. Based upon a prior Code of Civil Procedure section 998 offer to compromise the court ordered Rusheen to pay Drews $2,119.90 and her codefendant parents $1,112.10. Rusheen filed a motion for a new trial on the ground the trial court erroneously determined evidence of Drews's plea was inadmissible. The court denied the motion.

## DISCUSSION

I. *The Trial Court Erred in Ruling Evidence of a Defendant's Nolo Contendere Plea to a Wobbler, Later Reduced to a Misdemeanor, Is Not Admissible as a Party Admission.*

▇▇ Rusheen contends the trial court erred by excluding evidence of Drews's plea of no contest to grand theft-automobile. According to Rusheen, the plea was to a felony and therefore evidence of the plea is admissible as a party admission under Penal Code section 1016, subdivision 3, quoted below.[5] ▇▇▇ ▇▇▇ ▇▇ Drews argues her plea was to a misdemeanor because the charge became a "misdemeanor for all purposes" when the trial court reduced the charge to a misdemeanor pursuant to section 17, subdivision (b), and therefore evidence of the plea is not admissible pursuant to section 1016, subdivision 3.[6]

An offense punishable either by fine or imprisonment in county jail or imprisonment in state prison is called a "wobbler." The statutory provision governing "wobblers" is section 17, subdivision (b) which states in relevant part: "When a crime is punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail, it is a misdemeanor *for all purposes* under the following circumstances: [¶] (1) After a judgment imposing a punishment other than imprisonment in the state prison. [¶] . . . [¶] (3) When the court grants probation to a defendant without imposition of sentence and at the time of granting probation, or on application of the defendant . . . , the court declares the offense

---

[5] All statutory references are to the Penal Code unless otherwise specified.

[6] Drews's plea, if otherwise admissible, is not barred by the later expungement of her conviction. Expungement bears on impeachment, not admissibility as an admission. (*Vaughn v. Jones* (1948) 31 Cal.2d 586, 594-596 [191 P.2d 432].)

to be a misdemeanor . . . . [¶] (5) When, at or before the preliminary examination . . . the magistrate determines that the offense is a misdemeanor, in which event the case shall proceed as if the defendant had been arraigned on a misdemeanor complaint." (Italics added.)

Drews originally pled nolo contendere to felony grand theft of an automobile. Grand theft of an automobile is a "wobbler."[7] Drews argues a preliminary hearing was never held in this matter, and thus section 17, subdivision (b)(5) applies to make the offense a misdemeanor "for all purposes." Alternatively, she argues section 17, subdivision (b)(3) applies because at the time of granting probation the court, on application by defendant, declared the offense a misdemeanor without imposing sentence at that time. In any event the result is the same: the offense was made a misdemeanor "for all purposes."

A plea of nolo contendere to a crime punishable as a felony is admissible as a party admission against the defendant in a subsequent civil action.[8] In other cases, however, a nolo contendere plea is unavailable for use in a subsequent civil action.[9] Section 1016, subdivision 3, states: "The legal effect of [a nolo contendere] plea, to a crime *punishable* as a felony, shall be the same as that of a plea of guilty for all purposes. In cases other than those *punishable* as felonies, the plea and any admissions required by the court during any inquiry it makes as to the voluntariness of, and factual basis for, the plea may not be used against the defendant as an admission in any civil suit based upon or growing out of the act upon which the criminal prosecution is based." (Italics added.) Because a felony guilty plea is admissible as a party admission in a subsequent civil action arising out of the same offense, so too is a felony nolo contendere plea. The plea is not conclusive evidence; it is merely evidence against the party and the party may contest the truth of the matters admitted by his plea and explain why he entered the plea.[10]

 As previously noted, Drews maintains the "for all purposes" language in section 17, subdivision (b) means the offense becomes a misdemeanor retroactively to when defendant entered his plea so that when the trial court in the criminal action reduced her offense to a misdemeanor her nolo contendere plea to a felony became, retroactively, a nolo contendere plea to a misdemeanor for purposes of section 1016, subdivision 3.

[7]Section 489, subdivision (b), formerly section 487h.
[8]Section 1016, subdivision 3.
[9]Section 1016, subdivision 3.
[10]*Teitelbaum Furs, Inc. v. Dominion Ins. Co., Ltd.* (1962) 58 Cal.2d 601, 605 [25 Cal.Rptr. 559, 375 P.2d 439].

We reject Drews's argument for the following reasons.

First, whatever the retroactive effect of section 17, subdivision (b) in criminal matters, it does not affect civil matters which are governed by the provisions of section 1016, subdivision 3. The latter statute declares unambiguously "[t]he legal effect of a [nolo contendere] plea, to a crime *punishable* as a felony, shall be the same as that of a plea of guilty for all purposes." (Italics added.) Because grand theft auto is a crime *punishable* as a felony, a nolo contendere plea to that crime has the same legal effect as a guilty plea to a straight felony for purposes of a civil suit. Drews's argument might have merit if the Legislature had referred to "a crime *punished* as a felony,"[11] for in that case the test would be how the defendant was punished, not what the defendant pled to. But the Legislature chose the broader term "punishable" thereby focusing on the elements of the crime to which the defendant pled rather than the ultimate punishment meted out.

Our interpretation of Penal Code section 1016, subdivision 3 is supported by the established interpretation of the term "punishable" in Evidence Code section 1300 which provides: "Evidence of a final judgment adjudging a person guilty of a crime punishable as a felony is not made inadmissible by the hearsay rule when offered in a civil action to prove any fact essential to the judgment whether or not the judgment was based on a plea of nolo contendere." The Law Revision Commission comment to this statute states: "Section 1300 applies to any crime punishable as a felony. The fact that a misdemeanor sentence is imposed does not affect the admissibility of the judgment of a conviction under this section."[12]

We recognize there is dictum to the contrary in *County of Los Angeles v. Civil Service Com.*[13] but we disagree with the court's analysis in that case. The question in *County of Los Angeles* was whether a law enforcement officer's plea of nolo contendere to a misdemeanor charge of receiving stolen property, a wobbler,[14] could be used against him in a subsequent disciplinary proceeding. The appellate court, relying on California Supreme Court precedent, held it could not.[15] The court went on to discuss and reject the county's attempt to distinguish *Cartwright* on the ground the present case

---

[11]See *People v. Camarillo* (2000) 84 Cal.App.4th 1386, 1391 [101 Cal.Rptr.2d 618].

[12](Cal. Law Revision Com. com., 29B West's Ann. Evid. Code (1995 ed.) foll. § 1300, p. 397; see also 1 Witkin, Cal. Evidence (4th ed. 2000) Hearsay, § 272, p. 989.)

[13]*County of Los Angeles v. Civil Service Com.* (1995) 39 Cal.App.4th 620 [46 Cal.Rptr.2d 256].

[14]Section 496, subdivision (a).

[15]*County of Los Angeles v. Civil Service Com., supra,* 39 Cal.App.4th at page 629, citing and discussing *Cartwright v. Board of Chiropractic Examiners* (1976) 16 Cal.3d 762 [129 Cal.Rptr. 462, 548 P.2d 1134].

fell within section 1016, subdivision 3 because the officer pled nolo contendere to a crime which was punishable as a felony. Accepting the county's argument, the court reasoned, would be inconsistent with the language found in section 17, subdivision (b)(4) that the prosecutor's election to proceed upon a misdemeanor complaint "renders the offense a misdemeanor for all purposes."[16] As we explained above, and for the additional reasons which follow we find the provisions of section 17, subdivision (b) irrelevant to the issue before us.

■ A cardinal rule of statutory construction holds specific statutes control over general ones.[17] Section 1016, subdivision 3 specifically addresses the legal effect of guilty and nolo contendere pleas in civil actions "based upon or growing out of the act upon which the criminal prosecution is based." Thus, for purposes of the present case, it takes precedence over anything to the contrary in section 17, subdivision (b).

■ Furthermore, contrary to the view expressed in *County of Los Angeles*, we do not believe applying section 1016, subdivision 3 to make Drews's nolo contendere plea admissible as a party admission is inconsistent with the provisions of section 17, subdivision (b). The two statutes serve different purposes.

■ The purpose of section 1016, subdivision 3 is to assist victims of major crimes—those punishable by imprisonment—in recovering damages against the persons who have caused them harm. Prior to 1982, a plea of nolo contendere to any offense could not be used against the defendant as a party admission in a civil suit growing out of the criminal act. In 1982 the Legislature amended section 1016 to remove this protection from defendants pleading nolo contendere to crimes punishable as felonies.[18] In enacting this amendment the Legislature found "that when possible the criminal justice system should be designed so as to assist the efforts of victims of crime to obtain compensation for their injuries from the criminals who inflicted those injuries."[19] The Legislature further found "permitting defendants in criminal cases to enter pleas of nolo contendere and thus avoid the use of the criminal conviction in a civil suit wherein the victim of the crime seeks to recover damages for injuries sustained by the criminal act runs counter to the interest of victims of crime."[20]

■ The purpose of section 17, subdivision (b), on the other hand, is to provide the procedural mechanism by which the trial court imposes punishment when a charging statute permits sentencing alternatives of prison or

---

[16] *County of Los Angeles v. Civil Service Com., supra,* 39 Cal.App.4th at page 631.
[17] *In re Williamson* (1954) 43 Cal.2d 651, 654 [276 P.2d 593].
[18] Statutes 1982, chapter 390, section 3, page 1725.
[19] Statutes 1982, chapter 390, section 1, page 1725.
[20] Statutes 1982, chapter 390, section 1, page 1725.

jail. Section 17, subdivision (b) does not itself provide the sentencing discretion. Thus when a person pleads nolo contendere to an offense punish*able* as a felony the person is admitting to the essential elements of an offense society deems significant enough to punish with imprisonment, at least in some cases. ██ ██ The fact the court may decide at some later date to treat the offense as a misdemeanor for purposes of punishment cannot change the fact the defendant admitted the *elements* of the crime.[21]

 We further note accepting Drews's retroactivity argument would mean the admissibility of a nolo contendere plea in a civil action would depend on when the plea is offered as evidence. If the nolo contendere plea is offered *before* the occurrence of one of the events listed in section 17, subdivision (b) then it would be admissible because the offense has not yet been declared "a misdemeanor for all purposes." If, however, the plea is offered *after* the occurrence of one of the events listed in the statute then it would be inadmissible because it must be deemed a plea to a misdemeanor, not a felony. In the present case, for example, Drews allegedly stole the Rolls Royce in August 1992. She pled no contest to grand theft in September 1995. The trial court declared the offense a misdemeanor in September 1996. If the civil trial had commenced between September 1995 and September 1996, Drews's plea would have been admissible. But, because the trial did not commence until January 2000 the plea is inadmissible. We do not believe the same piece of evidence should be admissible one day and inadmissible the next day based on an outside event beyond the offering party's control.

Finally, we reject the argument our holding in this case will deter defendants in wobbler cases from pleading no contest thereby increasing the number of trials to be conducted by our already overburdened trial courts.[22] If a defendant in a wobbler case has nothing to gain civilly from a no contest plea, the argument goes, she might as well plead not guilty and hope for the best. Perhaps an act of jury nullification or some other deus ex machina will save her from conviction. A defendant, however, does have something to gain civilly from pleading no contest to a wobbler. While the nolo contendere plea can be introduced into evidence in the civil proceeding it is not conclusive against the defendant.[23] When a no contest plea is admissible in a civil action, the opponent is free to contest the truth of the matters

---

[21]A plea of guilty admits all elements of the crime charged. (*Arenstein v. California State Bd. of Pharmacy* (1968) 265 Cal.App.2d 179, 190 [71 Cal.Rptr. 357].) By operation of section 1016, subdivision 3 a plea of nolo contendere to a crime punishable as a felony has the same effect: "[t]he legal effect of [a nolo contendere] plea, to a crime punishable as a felony, shall be the same as that of a plea of guilty for all purposes."

[22]See *Caminetti v. Imperial Mut. L. Ins. Co.* (1943) 59 Cal.App.2d 476, 492 [139 P.2d 681].

[23]*Teitelbaum Furs, Inc. v. Dominion Ins. Co., Ltd.*, *supra*, 58 Cal.2d at page 605.

admitted by the plea and explain why the plea was entered, including all the circumstances surrounding the charge and the plea.[24] In contrast, if the defendant pleads not guilty to the wobbler and is convicted the conviction may be conclusive against the defendant to the extent the elements of the crime also establish civil liability.[25] In summary, the court and prosecutor can still reduce the offense to a misdemeanor, providing benefits to the defendant, without denying the victim use of the plea as an admission in a subsequent civil action, and defendant is free to explain in the civil action his plea and the circumstances surrounding his plea, and argue the admission was untrue. This encourages plea bargaining, while at the same time assisting victims obtain civil damages from the person who harmed them.

For the reasons stated above, we conclude a plea of nolo contendere to an offense *punishable* as a felony, regardless of whether it is ultimately so punished, is admissible as a party admission in a civil action based upon or growing out of the act upon which the criminal prosecution is based.

II., III.*

. . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The judgment as to defendants Elmer and Elizabeth Drews is affirmed. The judgment as to defendant Colleen Drews is affirmed with respect to liability and general damages and reversed on the issue of exemplary damages only. The parties are to bear their own costs on appeal.

Lillie, P. J., and Perluss, J., concurred.

Appellant's petition for review by the Supreme Court was denied September 11, 2002.

---

[24]*Estate of McGowan (1973) 35 Cal.App.3d 611, 618 [111 Cal.Rptr. 39]; Arenstein v. California State Bd. of Pharmacy, supra,* 265 Cal.App.2d at page 191.

[25]*Teitelbaum Furs, Inc. v. Dominion Ins. Co., Ltd., supra,* 58 Cal.2d at pages 604-605.

*See footnote, *ante,* page 279.