**Ron GOLDIE; Betty Goldie,**
**Plaintiffs—Appellants,**

v.

**The HARTFORD INSURANCE COMPANY, an Automobile Liability and Casualty Insurer, Defendant—Appellee.**

No. 06–55685.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 7, 2007.

Filed Feb. 15, 2008.

Dennis A. Winston, Esq., Moskowitz Brestoff Winston & Blinderman, LLP, Los Angeles, CA, for Plaintiffs–Appellants.

Richard W. Bane, Esq., Dean H. McVay, Esq., Lewis Brisbois Bisgaard & Smith LLP, San Bernardino, CA, for Defendant–Appellee.

Before: PREGERSON, NOONAN, and TROTT, Circuit Judges.

MEMORANDUM *

Ron and Betty Goldie ("the Goldies") appeal the district court's order granting

* This disposition is not appropriate for publication and is not precedent except as provided

summary judgment to Hartford Insurance Company ("Hartford") and denying their motion for summary adjudication. The parties are familiar with the facts of this case, so we proceed to the law. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand.

1. *Equitable Tolling*

■ Because there are facts in dispute, we review for abuse of discretion the district court's decision whether a statute of limitations has been equitably tolled. *Santa Maria v. Pac. Bell,* 202 F.3d 1170, 1175 (9th Cir.2000). Here, the district court abused its discretion because it based its decision on a clearly erroneous finding of fact. *Richard S. v. Dep't of Dev. Servs.,* 317 F.3d 1080, 1085–86 (9th Cir.2003). In a February 6, 2003 letter, Hartford expressly acknowledged it *reopened* the Goldies' claim, triggering a tolling of the limitations period and making the bad faith claim timely. *See Ashou v. Liberty Mut. Fire Ins. Co.,* 138 Cal.App.4th 748, 41 Cal. Rptr.3d 819, 825–28 (2006). As a result, we reverse the district court's denial of equitable tolling.

2. *The Merits*

We review de novo a district court's decision to grant summary judgment. *Universal Health Servs., Inc. v. Thompson,* 363 F.3d 1013, 1019 (9th Cir.2004). We review de novo a district court's decision to deny summary adjudication. *Kendall–Jackson Winery, Ltd. v. E. & J. Gallo Winery,* 150 F.3d 1042, 1046 (9th Cir. 1998).

It is well established under California law that a breach of the implied covenant of good faith and fair dealing has two elements: "(1) benefits due under the policy must have been withheld; and (2) the reason for withholding benefits must have been unreasonable or without proper cause." *Love v. Fire Ins. Exchange,* 221 Cal.App.3d 1136, 271 Cal.Rptr. 246, 255 (1990). Here, genuine issues of material fact exist as to both elements.

■ As to the first element, there are genuine issues of material fact as to 1) whether the insurance policy was in effect when the alleged theft occurred, because there is no firm date on which Betty Goldie delivered the automobile to Beverly Hills Auto Collection ("BHAC"), and 2) what type of loss, if any, occurred when Betty Goldie delivered the car to BHAC. *See County of L.A. v. Civil Serv. Comm'n,* 39 Cal.App.4th 620, 46 Cal.Rptr.2d 256, 263 n. 8 (1995) (noting that "a nolo contendere plea in [California] ... is seen as an agreement between the prosecution and the defendant, for the limited purpose of the particular case, and no other purpose").

As to the second element, a full review of the record demonstrates that the *first* denial of benefits was not unreasonable as a matter of law, i.e., Hartford reasonably relied on coverage counsel. However, there are genuine issues of material fact as to whether the *second* denial was unreasonable, specifically whether Hartford acted deliberately in an attempt to disappoint the expectations of the Goldies. *See Careau & Co. v. Sec. Pac. Bus. Credit, Inc.,* 222 Cal.App.3d 1371, 272 Cal.Rptr. 387, 399–400 (1990).

The district court is affirmed as to its denial of the Goldies' motion for summary adjudication and reversed as to its grant of Hartford's motion for summary judgment. The parties shall bear their own costs on appeal.

by 9th Cir. R. 36–3.

AFFIRMED in part, **REVERSED** in part, and **REMANDED**.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.