[No. B207649. Second Dist., Div. Six. Feb. 23, 2009.]

EDWARD CAHOON, Plaintiff and Respondent, v.
GOVERNING BOARD OF VENTURA UNIFIED SCHOOL DISTRICT,
Defendant and Appellant.

## Counsel

Atkinson, Andelson, Loya, Rudd & Romo, Irma Rodriguez Moisa, Joshua E. Morrison and Jay G. Trinnaman for Defendant and Appellant.

Best, Best & Krieger, Joseph Sanchez and Megan M. Moore for California School Boards Association-Education Legal Alliance as Amicus Curiae on behalf of Defendant and Appellant.

Hathaway, Perrett & Gutierrez, Paul D. Powers, Robert A. Bartosh and Jeffrey J. Stinnett for Plaintiff and Respondent.

## Opinion

**YEGAN, J.**—Governing Board of Ventura Unified School District (District) appeals from a writ of mandate compelling the reinstatement of Edward Cahoon, a school custodian. Cahoon was terminated after he pled nolo contendere to forging, altering and/or issuing a prescription for a controlled substance, as a misdemeanor. (Health & Saf. Code, § 11368.) Relying on Education Code section 44009, former subdivision (b) (now subd. (c)),[1]

---

[1] Education Code section 44009, subdivision (c) states in pertinent part: "A plea or verdict of guilty, or finding of guilt by a court in a trial without a jury, or a conviction following a plea of nolo contendere is deemed to be a conviction within the meaning of Section 44836 and

District claimed the offense was a controlled substance offense and required automatic termination. (Ed. Code, §§ 45123, subd. (b), 44836.) The trial court found that the nolo contendere plea was not a "conviction" within the meaning of Education Code section 45123, subdivision (b) and ordered Cahoon's reinstatement. We affirm.

*Discussion*

We review de novo the trial court's grant of a writ of mandate and its interpretation of the statutes involved. (*California Teachers Assn. v. San Diego Community College Dist.* (1981) 28 Cal.3d 692, 699 [170 Cal.Rptr. 817, 621 P.2d 856].) Like the trial court, our primary duty in interpreting a statute is to determine and effectuate the Legislature's intent. (*Van Horn v. Watson* (2008) 45 Cal.4th 322, 326 [86 Cal.Rptr.3d 350, 197 P.3d 164].) "[A] statute's language must be construed in context, and provisions relating to the same subject matter must be harmonized to the extent possible. [Citation.]" (*Ibid.*)

*Nolo Contendere Plea*

Penal Code section 1016, subdivision 3 provides that a plea of nolo contendere to a misdemeanor "may not be used against the defendant as an admission in any civil suit based upon or growing out of the act upon which the criminal prosecution is based." For purposes of Penal Code section 1016, a "civil suit" includes an administrative proceeding under the Education Code. (See *Gebremicael v. California Com. on Teacher Credentialing* (2004) 118 Cal.App.4th 1477, 1488 [13 Cal.Rptr.3d 777].)

In *Cartwright v. Board of Chiropractic Examiners* (1976) 16 Cal.3d 762 [129 Cal.Rptr. 462, 548 P.2d 1134] (*Cartwright*), a licensing board revoked a chiropractor's license after the chiropractor pled nolo contendere to a moral turpitude offense. Our Supreme Court held that a conviction by plea of nolo contendere may not be used in an administrative proceeding to impose discipline absent legislative authorization. (*Id.*, at pp. 773–774.)

"The practical impact of the *Cartwright* principle has been substantially narrowed by legislation expanding the legal effect of a nolo contendere plea. Penal Code section 1016, subdivision 3, now provides that the 'legal effect of [a nolo contendere] plea, *to a crime punishable as a felony*, shall be the same as that of a plea of guilty *for all purposes*.' (Italics supplied; see

45123, irrespective of a subsequent order for probation suspending the imposition of a sentence or an order under Section 1203.4 of the Penal Code allowing the withdrawal of the plea of guilty and entering a plea of not guilty, or setting aside the verdict of guilty, or dismissing the accusations or information."

also Evid. Code, § 1300.) A number of licensing statutes have been amended to specify a nolo contendere plea, or conviction based thereon, as a ground for discipline. [Citations.]" (*Kennick v. Commission on Judicial Performance* (1990) 50 Cal.3d 297, 320 [267 Cal.Rptr. 293, 787 P.2d 591].)

*Education Code section 45123*

With respect to the Education Code, legislative overrides of *Cartwright* have been piecemeal. Prior to 1990, Education Code section 45123 prohibited a school district from employing any person "convicted" of a sex offense or a controlled substance offense but was silent on whether nolo contendere pleas constituted a conviction.[2]

In 1990, Senate Bill No. 2072 (1989–1990 Reg. Sess.) (Senate Bill 2072) was enacted to prohibit school districts from employing any person convicted of a sex offense based on a nolo contendere plea. The sponsor of the bill stated that it was to close a loophole in the law after a Fullerton School District elementary teacher pled nolo contendere to a sex offense. When the school district attempted to terminate the teacher, the teacher claimed that the Education Code did not specifically mention nolo contendere pleas as grounds for dismissal and ultimately settled with the school district. Senator Edward Royce, the author of Senate Bill 2072, stated that "SB 2072 simply clarifies the law by specifically including a plea of nolo contendere as automatic grounds for termination."

■ Education Code, section 45123 was amended to add subdivision (a) which provides that a nolo contendere plea to a sex offense "shall be deemed to be a conviction within the meaning of this subdivision."

The Legislature made no substantive changes with respect to convictions for controlled substance offenses. Subdivision (b) was added to Education Code section 45123 to provide: "No person shall be employed or retained in employment by a school district, *who has been convicted* of a controlled substance offense as defined in Section 44011." (Italics added.)

District contends that Education Code section 44009, which defines "conviction" to include nolo contendere pleas (see fn. 1, *ante*), implicitly amends Education Code section 45123, subdivision (b). We reject the argument because Education Code section 44009 was part of Senate Bill 2072 and not

---

[2] Before 1990, Education Code section 45123 stated in pertinent part: "No person shall be employed or retained in employment by a school district who has been convicted of any sex offense as defined in Section 44010 or controlled substance offense as defined in Section 44011."

intended to change the law on misdemeanor substance abuse offense convictions. The Legislative Counsel's Digest to Senate Bill 2072 states: "Existing law provides for a system of classified employees to be employed by school districts and requires that no person shall be employed or retained in employment who has been convicted of any sex offense, as specified. [¶] This bill would provide that a plea or verdict of guilty, or a finding of guilt by a court in a trial without a jury, or a conviction following a plea of nolo contendere shall be considered a conviction for purposes of that statute, as specified." (West's Cal. Legis. Service (1990) ch. 595, p. 2630.)

■ The Legislature clearly knew how to implement a *Cartwright* override on nolo contendere pleas but limited the override to sex offense convictions.[3] As amended, Education Code section 45123, does not treat convictions for sex offenses and convictions for controlled substance offenses the same. A district employee convicted of a sex offense is automatically terminated and may not be reemployed if the conviction is based on a nolo contendere plea. In contrast, a district employee "convicted" of a controlled substance offense may be reemployed "if the governing board of the school district determines, from the evidence presented, that the person has been rehabilitated for at least five years." (Ed. Code, § 45123, subd. (d).)

Senate Bill 2072 also amended Education Code section 44836 to distinguish between convictions for sex offenses and convictions for controlled substance offenses with respect to certificated employees, i.e., teachers. After 1990, section 44836 provided that school districts may not "employ or retain in employment persons in public school service who have been convicted, *or who have been convicted following a plea of nolo contendere to charges, of any sex offense* as defined in Section 44010." (Italics added.)

The same language is not used for convictions for substance abuse offenses. As amended, Education Code former section 44836, provided: "Governing boards of school districts also shall not employ or retain in employment persons in public school service *who have been convicted of any controlled substance offense* as defined in Section 44011." (Italics added.) Senate Bill 2072 further amended Education Code former section 44836 to provide: "However, a governing board may employ a person convicted of a controlled substance offense in a position requiring certification qualifications

---

[3] District cites a June 26, 1990 Senate Rules Committee report which states that State Assembly amendments "clarify that the bill [Sen. Bill 2072] applies to all public school employees, not only certificated employees . . . ." But the Assembly amendments to Senate Bill 2072 only pertained to convictions for sex offenses. The Senate Rules Committee report goes on to state: "This bill would preclude local school boards from hiring or retaining any person who is *convicted of a sex offense* following a plea of nolo contendere ('no contest')." (Italics added.)

if that person holds an appropriate credential issued by the Commission for Teacher Preparation and Licensing."

District asserts that the employment of a convicted drug offender, even where the conviction is based on a nolo contendere plea, eviscerates the intent of Senate Bill 2072 which is to protect children in public schools. We reject the argument. It would be farfetched to assume that the Legislature believed that credentialed teachers convicted of controlled substance offenses are less of a risk to school children than permanent classified district employees such as janitors or bus drivers. (See *People ex rel Lungren v. Superior Court* (1996) 14 Cal.4th 294, 305 [58 Cal.Rptr.2d 855, 926 P.2d 1042] [court should not adopt statutory construction contrary to Legislature's apparent purpose].)

■   District argues that reinstatement of an employee who has pled nolo contendere to a misdemeanor controlled substance offense will lead to absurd results.[4] A similar argument was raised in *Unzueta v. Ocean View School Dist.* (1992) 6 Cal.App.4th 1689 [8 Cal.Rptr.2d 614] in which a school district refused to pay $40,000 in backpay to a teacher who was arrested for simple possession of cocaine and suspended until he successfully completed drug diversion. (Pen. Code, § 1000.) Because the drug diversion resulted in a dismissal of the criminal charges, we concluded that the teacher was entitled to backpay with offsets pursuant to Education Code section 44940.5, subdivision (c). (*Unzuetta v. Ocean View School Dist., supra*, 6 Cal.App.4th at pp. 1695–1696.) Reasonable minds could, and did, differ as to our holding (see *id.* at p. 1702 et seq. (dis. opn. of Gilbert, J.) but we declined to act as a super legislature to correct a statutory glitch, if there was one. "[E]xcept in the most extreme cases where legislative intent and the underlying purpose are at odds with the plain language of the statute, an appellate court should exercise judicial restraint, stay its hand, and refrain from rewriting a statute to find an intent not expressed by the Legislature. [Citation.]" (*Unzueta v. Ocean View School Dist., supra*, 6 Cal.App.4th at p. 1700.) No absurdity exists here. The Legislature is, of course, free to nullify our holding in the exercise of its

---

[4] District cites a June 18, 1990 letter from a lobbying firm to Teresa Hughes, Chairperson of the California State Assembly Education Committee which states that Senate Bill 2072 provides that "a conviction on specified sex *or narcotics offenses* resulting from a plea of nolo contendere, is to be considered the same as a conviction based upon a plea of guilty, or a finding of guilt by a court or jury. We believe, in fact, that all school employees should be subject to the same standards" (Italics added.) The letter describes the original version of Senate Bill 2072 before the "controlled substance offense" language was stricken from a proposed amendment to Education Code section 45123, subdivision (a). Because the letter reflects only the personal views of the author, it may not be considered in determining legislative intent. (*California Teachers Assn v. San Diego Community College Dist.* (1981) 28 Cal.3d 692, 699–700 [170 Cal.Rptr. 817, 621 P.2d 856].) "Typically we do not ascribe legislative intent to letters written to the Legislature." (*Estate of Saueressig* (2006) 38 Cal.4th 1045, 1055, fn. 10 [44 Cal.Rptr.3d 672, 136 P.3d 201].)

duties. ■ But, unless and until the Legislature amends Education Code section 45123, subdivision (b), a permanent classified district employee who enters a plea of nolo contendere to a misdemeanor controlled substance offense may not be automatically terminated. (*Cartwright, supra*, 16 Cal.3d at pp. 773–774.) "[A]bsent explicit legislative intervention, *Cartwright* controls." (*County of Los Angeles v. Civil Service Com.* (1995) 39 Cal.App.4th 620, 630 [46 Cal.Rptr.2d 256].)

The judgment is affirmed. Cahoon is awarded costs on appeal.

Gilbert, P. J., and Perren, J., concurred.