[No. A130791. First Dist., Div. One. Mar. 13, 2013.]

In re the Marriage of VERONICA and CURTIS PRIEM.
VERONICA PRIEM, Appellant, v.
CURTIS PRIEM, Respondent.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of parts III. and IV. of the Discussion. The parties have requested this case identify the parties other than by their proper names. The case has proceeded to date with the names of the parties. The record and exhibits filed with this court do not have the identity of the parties modified. We decline the request to do so at this stage of the case.

## COUNSEL

Law Office of Ann F. VanDePol and Ann F. VanDePol for Appellant.

Hersh Family Law Practice, Jill Hersh, David Youngsmith and Meredithe Kreis for Respondent.

## OPINION

**DONDERO, J.**—In this dissolution proceeding, appellant Veronica Priem appeals from the trial court's orders denying her request for temporary spousal support and denying a portion of her request for professional fees. The court found she was statutorily ineligible to receive spousal support based on her history of domestic violence towards her husband, respondent Curtis Priem. She claims the court erroneously considered her prior plea of nolo contendere to a misdemeanor charge of domestic violence in arriving at its decision. She also claims the court failed to properly consider her fee request. We affirm both orders.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The parties were married in July 1999. The marriage produced two sons, one born in May 2000 and the second born in May 2007.

On January 19, 2010, appellant filed a petition for dissolution.

On February 22, 2010, the trial court ordered respondent to pay appellant $10,000 per month in unallocated temporary support. He was also ordered to pay her $20,000 for attorney and other professional fees. The parties were referred to child custody mediation.

On March 9, 2010, respondent filed a responsive declaration to an order to show cause, alleging a 10-year history of appellant's erratic and abusive behavior, including the commission of several acts of domestic violence.

On March 23, 2010, the trial court awarded respondent temporary sole physical and legal custody of the children. The court adopted, with modifications, the family court mediator's recommendations as to the parties' visitation schedule. The children were to spend the first half of each week with appellant, and the second half with respondent. Both parties were ordered to complete an anger management program.

On May 26, 2010, respondent filed another responsive declaration in which he agreed to pay guideline child support to appellant, but requested relief from paying temporary spousal support citing to her May 2008 misdemeanor conviction for battery committed against a spouse (Pen. Code, § 243, subd. (e)(1)).[1] He also further detailed the history of domestic abuse, alleging it had generated 19 written police reports, five arrests, three criminal convictions, three criminal protective orders, one civil temporary restraining order, and three probationary periods. She also was presently on probation as a result of the May 2008 conviction, and there was a criminal protective order currently in effect that was set to expire in May 2011.

On November 2, 2010, the parties testified at a hearing regarding temporary support and attorney fees.

On November 10, 2010, the trial court filed its order after hearing. The court ordered respondent to pay appellant $14,602 per month in child support. The court noted appellant's 2008 conviction for domestic violence created a rebuttable presumption under Family Code section 4325[2] that an award of spousal support would be inappropriate. The court found she had "presented little in the way of mitigation" towards rebutting the presumption. Accordingly, her request for temporary spousal support was denied. The court also ordered respondent to pay an additional $20,000 towards appellant's attorney fees. This appeal followed.

## DISCUSSION

I. *Temporary Spousal Support Awards in Cases Involving Domestic Violence*

■ "Pending a marriage dissolution . . . the court . . . may order either spouse to pay 'any amount that is necessary' for the other spouse's support,

---

[1] Penal Code section 243, subdivision (e)(1), provides, in part: "When a battery is committed against a spouse . . . the battery is punishable by a fine not exceeding two thousand dollars ($2,000), or by imprisonment in a county jail for a period of not more than one year, or by both that fine and imprisonment. If probation is granted, or the execution or imposition of the sentence is suspended, it shall be a condition thereof that the defendant participate in, for no less than one year, and successfully complete, a batterer's treatment program . . . or if none is available, another appropriate counseling program designated by the court."

[2] All further unspecified statutory references are to the Family Code.

consistent with the requirements of sections 4320, subdivisions (i) and (m), and 4325. (§ 3600.)" (*In re Marriage of Wittgrove* (2004) 120 Cal.App.4th 1317, 1326 [16 Cal.Rptr.3d 489], fn. omitted.) Section 4320, subdivision (i), requires the trial court to consider "[d]ocumented evidence of any history of domestic violence" when ordering spousal support. Section 4320, subdivision (m), provides, "The criminal conviction of an abusive spouse shall be considered in making a reduction or elimination of a spousal support award in accordance with Section 4324.5 or 4325." Together, these provisions represent "a legislative determination that victims of domestic violence not be required to finance their own abuse." (*In re Marriage of Cauley* (2006) 138 Cal.App.4th 1100, 1107 [41 Cal.Rptr.3d 902].)

Section 4325 creates a rebuttable presumption that spousal support requests are not to be granted to spouses who have been convicted of domestic violence during the five years preceding the filing of a petition for dissolution. The statute provides: "(a) In any proceeding for dissolution of marriage where there is a criminal conviction for an act of domestic violence perpetrated by one spouse against the other spouse entered by the court within five years prior to the filing of the dissolution proceeding, or at any time thereafter, there shall be a rebuttable presumption affecting the burden of proof that any award of temporary or permanent spousal support to the abusive spouse otherwise awardable pursuant to the standards of this part should not be made. [¶] (b) The court may consider documented evidence of a convicted spouse's history as a victim of domestic violence, as defined in Section 6211,[3] perpetrated by the other spouse, or any other factors the court deems just and equitable, as conditions for rebutting this presumption. [¶] (c) The rebuttable presumption created in this section may be rebutted by a preponderance of the evidence."

## II. *Penal Code Section 1016*

Appellant first claims Penal Code section 1016 precludes the use of a misdemeanor conviction based on a plea of nolo contendere as the predicate offense under Family Code section 4325. Under this Penal Code provision, a plea of nolo contendere to a misdemeanor "may not be used against the defendant as *an admission in any civil suit based upon or growing out of the act upon which the criminal prosecution is based.*" (Pen. Code, § 1016, subd. 3, italics added.)

■ Appellant did not raise Penal Code section 1016 below. "As a general rule, failure to raise a point in the trial court constitutes of [*sic*] waiver and

---

[3] Section 6211, subdivision (a) provides, in part: " 'Domestic violence' is abuse perpetrated against . . . [¶] [a] spouse or former spouse."

appellant is estopped to raise that objection on appeal. An exception to the general rule may be presented, however, where the theory presented for the first time on appeal involves only a legal question determinable from facts which not only are uncontroverted in the record, but which could not be altered by the presentation of additional evidence. [Citation.] And whether the general rule shall be applied is largely a question of the appellate court's discretion." (*Redevelopment Agency v. City of Berkeley* (1978) 80 Cal.App.3d 158, 167 [143 Cal.Rptr. 633].) Because the application of Penal Code section 1016 concerns a matter of statutory interpretation, we will exercise our discretion to consider the merits of her argument.

■ As noted above, the trial court relied on appellant's May 2008 conviction of misdemeanor domestic violence under Penal Code section 243, subdivision (e)(1),[4] in finding that the rebuttable presumption of Family Code section 4325 applied. Observing respondent had offered proof of a pattern of abusive behavior going back to 2001, the court concluded this evidence, if believed, showed an "extreme and ongoing" history of domestic violence that had continued despite two criminal convictions and several restraining orders that were imposed against appellant during this time period. The court concluded she had failed to rebut the statutory presumption that spouses with domestic violence convictions should not be awarded support. Because the May 2008 conviction arose out of a plea of nolo contendere to a misdemeanor the question is whether the instant proceeding qualifies as a "civil suit based upon or growing out of the act upon which the criminal prosecution is based" under Penal Code section 1016, subdivision 3, which would effectively revoke the Family Code section 4325 presumption here. We conclude it does not.

■ In general, pleas of nolo contendere are not deemed conclusive in subsequent civil proceedings as admissions of wrongdoing: "We note that even in those civil actions in which a nolo contendere plea is admissible, the party is traditionally permitted to contest the truth of the matters admitted by the plea, to present all facts surrounding the nature of the charge and the plea, and to explain why the plea was entered. [Citations.] This is because '[t]here are many potential reasons for entry of a nolo plea . . . which should negate its consideration as an actual determination of the degree of culpability in subsequent civil proceedings [citation]. A nolo contendere plea in this state necessarily implies a bargain and is seen as an agreement between the prosecution and the defendant, for the limited purpose of the particular case, and no other purpose [citation]. Consequently, . . . the court in any subsequent civil proceeding must independently examine the facts in order to

---

[4] Penal Code section 243, subdivision (e)(1) states in part: "When a battery is committed against a spouse . . . the battery is punishable by a fine . . . or by imprisonment in a county jail for a period of not more than one year, or by both that fine and imprisonment."

determine whether the defendant actually committed the offense alleged for purposes of the particular civil proceeding [citation].' [Citation.]" *(County of Los Angeles v. Civil Service Com.* (1995) 39 Cal.App.4th 620, 629, fn. 8 [46 Cal.Rptr.2d 256].)[5]

■ For purposes of restricting the admissibility of misdemeanor nolo contendere pleas under Penal Code section 1016, subdivision 3, appellate courts have held that a "civil suit" may include a subsequent administrative proceeding. (See *Gebremicael v. California Com. on Teacher Credentialing* (2004) 118 Cal.App.4th 1477, 1488 [13 Cal.Rptr.3d 777].) For example, in *Cartwright v. Board of Chiropractic Examiners* (1976) 16 Cal.3d 762 [129 Cal.Rptr. 462, 548 P.2d 1134] *(Cartwright)*, a licensing board revoked a chiropractor's license after the chiropractor pled nolo contendere to a moral turpitude offense. Our Supreme Court held that a misdemeanor conviction by plea of nolo contendere may not be used in an administrative proceeding to impose discipline, absent legislative authorization.[6] *(Cartwright,* at pp. 773–774; see *Cahoon, supra,* 171 Cal.App.4th 381 [school custodian terminated after pleading nolo contendere to misdemeanor forging of a prescription for a controlled substance].) The court has also noted that the legislative history of Penal Code section 1016 suggests the limitation on the use of nolo contendere pleas as .evidence in a subsequent civil suit was intended to apply to matters involving traffic offenses, corporate fraud, and crime victims' damages suits. (See *People v. Yartz* (2005) 37 Cal.4th 529, 539–540 [36 Cal.Rptr.3d 328, 123 P.3d 604] *(Yartz).*)

On the other hand, the Supreme Court has determined that certain non-criminal judicial proceedings do *not* qualify as "civil suits" under this provision. (See *Yartz, supra,* 37 Cal.4th 529, 532 [Sexually Violent Predators Act civil commitment proceeding].) In *Yartz,* the court distinguished civil suits and actions from civil special proceedings: "Since 1872, judicial remedies have been divided into two classes: actions and special proceedings. [Citation.] An 'action' is defined as 'an ordinary proceeding in a court of justice *by which one party prosecutes another* for the declaration, enforcement, or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense.' [Citations.] A 'special proceeding' is '[e]very other remedy' that is not an 'action.' [Citations.] With respect to civil actions, 'an "action" means the same thing as a "suit." [Citation.]' [Citations.] Indeed,

---

[5] We note here appellant does not claim she did not commit the offense that formed the basis of her May 2008 conviction.

[6] Since the *Cartright* decision, a number of licensing statutes have been amended to specify a nolo contendere plea, or conviction based thereon, as a ground for discipline. (See *Kennick v. Commission on Judicial Performance* (1990) 50 Cal.3d 297, 320 [267 Cal.Rptr. 293, 787 P.2d 591]; *Cahoon v. Governing Bd. of Ventura Unified School Dist.* (2009) 171 Cal.App.4th 381, 384–385 [89 Cal.Rptr.3d 783] *(Cahoon).*)

the Legislature used the terms 'civil action' and 'civil suit' interchangeably in this context." (37 Cal.4th at p. 536, italics added.)

The instant case is not analogous to an administrative hearing, nor to a collateral civil action brought against a criminal defendant. Specifically, spousal support hearings are not civil proceedings "based upon or growing out of" a criminal act. Appellant has not provided us with authority applying Penal Code section 1016, subdivision 3, to any proceeding brought under the Family Code, nor has our own research disclosed any relevant judicial decisions. Indeed, our research has not uncovered a case applying this section in any context other than administrative proceedings pertaining to licensing or employment, and civil lawsuits for damages arising out of the wrongful conduct that formed the basis of the charge to which the defendant pled. We note the domestic violence spousal support limitation is not intended to punish the perpetrator (see, e.g., *Yartz, supra,* 37 Cal.4th 529, 535 ["The [Sexually Violent Predators Act] is not punitive in purpose or effect."]). Rather, it is intended to ensure that a victim of abuse will not be compelled to reward the perpetrator for his or her behavior, or to underwrite any further abuse.

We also observe that a spouse who has pled nolo contendere to misdemeanor domestic violence is nonetheless afforded the opportunity to rebut, by preponderance of the evidence, the presumption created by section 4325. Thus, the plea itself does not automatically result in the denial of support to an offending spouse. Instead, he or she merely has to rebut the negative presumption created by the conviction. Accordingly, we conclude a plea of nolo contendere to a charge of misdemeanor domestic violence, made within five years prior to the filing of the dissolution proceeding, may be used as the basis for presumptively denying temporary spousal support under section 4325.[7]

III., IV.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[7] Respondent asks us to take judicial notice of the legislative histories of Penal Code section 1016, and Family Code sections 3044 [use of domestic violence presumption in child custody determinations], and 4325, along with two declarations prepared by Carolina C. Rose. The request, filed June 4, 2012, is granted as to exhibit No. 2 (legislative history of Pen. Code, § 1016) and exhibit No. 4 (legislative history of Fam. Code, § 3044) only. The legislative history of section 4325 is contained in the record that was filed with the appeal.

*See footnote, *ante,* page 505.

## DISPOSITION

The orders are affirmed.

Margulies, Acting P. J., and Banke, J., concurred.

A petition for a rehearing was denied April 11, 2013.