Filed 5/31/22  Whatley v. Johnson CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| YAUNTANELL K. WHATLEY,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MELVIN VAN WHITTICKER JOHNSON, JR.,<br><br>Defendant and Appellant. | B310249<br><br>Los Angeles County<br>Super. Ct. No. 18CHRO00997 |

APPEAL from an order of the Superior Court of Los Angeles County, Timothy M. Weiner, Judge.  Affirmed.

The Mines Law Firm and Jasmine A. Mines for Defendant and Appellant.

Jeff Lewis Law, Jeffrey Lewis and Sean C. Rotstan for Plaintiff and Respondent.

————————————

The trial court granted Yauntanell K. Whatley's petition to renew a domestic violence protective order against Melvin Van Whitticker Johnson, Jr. Johnson appeals this order. Undesignated statutory references are to the Penal Code.

I

We recount the facts in the light favorable to the order.

Whatley and Johnson had a daughter in late August 2017.

On September 23, 2017, Whatley tried to end her relationship with Johnson. When Johnson left her house, Whatley locked the door and texted him not to return. Johnson broke down Whatley's doors and chased and yelled at her. He took her cell phone from her and threatened to kill her and leave her in a ditch. She ran outside and cried for help from neighbors. Johnson dragged her back inside. Whatley held their infant daughter in her arms during these events. Johnson eventually left when Whatley's neighbors said they had called the police.

The court granted Whatley's petition for a *temporary* protective order. It then held a hearing on Whatley's petition for a domestic violence protective order under the Domestic Violence Prevention Act (Fam. Code, § 6200 et seq.). The trial court granted the protective order for a year, which it later extended to two years.

In September 2018, police arrested Johnson. An information charged him with manufacturing an assault weapon (§ 30600, subd. (a)), possessing an assault weapon (§ 30605), and possessing a firearm in violation of a protective order (§ 29825). The prosecutor dismissed the first count, and Johnson pleaded nolo contendere to the other two counts.

Whatley petitioned the court to renew the protective order. At the hearing, Whatley testified that Johnson continued to call

2

and text her from blocked numbers and from family and friends' numbers. She submitted records showing many calls from the same blocked number, as well as texts from blocked numbers or Johnson's relatives' numbers. She said she had seen him drive by or parked on her street at least twice after the court granted the protective order. A neighbor and cousin similarly testified they had seen Johnson on the street in front of Whatley's house after the protective order was in effect.

Whatley also testified and submitted court documents showing Johnson had been arrested and convicted of violating the protective order and possessing an assault weapon. She stated Johnson had shown her pictures of an AR-15 assault rifle with multiple magazines and tools, as well as threatened to kill her. She further stated he called her and said "Bitch I know it was you" after police arrested him. When counsel asked Johnson about his arrest and convictions, he invoked his Fifth Amendment right not to testify.

After hearing testimony and argument from counsel, the trial court granted the renewal for five years. The court found Whatley had met her burden of showing she had a reasonable apprehension of future abusive conduct. The court "specifically ma[d]e that finding based on the violation of the restraining order with regard to the possession of a weapon."

Johnson appealed.

We grant Johnson's motion to augment the record to include records filed in the trial court and identified in his designation that did not appear in the record in this court. We deny his motion to supplement the record with court documents relating to later events. We deny Whatley's motion to strike as moot.

3

## II

Johnson incorrectly argues the order lacks substantial support.

The parties agree we review a court's renewal of a protective order for abuse of discretion and uphold factual findings supported by substantial evidence.

The parties diverge on the application of the substantial evidence review standard to this case. Johnson argues because the trial court only mentioned the possession of firearms in violation of the protective order in its ruling, that is the only evidence we can consider on appeal. This misunderstands substantial evidence review.

Substantial evidence review is a highly deferential standard. In applying this standard, we review the record as a whole and accept all evidence supporting the order. We disregard contrary evidence. We draw all inferences in favor of the order. We do not reweigh evidence. (*Schmidt v. Superior Court* (2020) 44 Cal.App.5th 570, 581.) This is true both for implicit and explicit factual findings. Lack of specificity does not undermine a finding if the record reveals rational support. (*Letgolts v. David H. Pierce & Associates, PC* (2021) 71 Cal.App.5th 272, 286.) If substantial evidence supports the trial court's findings, they govern our review. (*Schmidt*, at p. 581.) We review the trial court's decision, not its reasoning. (*Kokubu v. Sudo* (2022) 76 Cal.App.5th 1074, 1082.)

A court should grant a petition to renew a domestic violence protective order where the protected party has a reasonable apprehension of future abusive conduct. (*Ritchie v. Konrad* (2004) 115 Cal.App.4th 1275, 1279 (*Ritchie*).)

4

Substantial evidence supports the trial court's finding that Whatley met this burden. Whatley testified Johnson repeatedly violated the original protective order. He called and texted her in violation of the no-contact provision. Whatley further testified she had seen Johnson in front of her house at least twice. A neighbor and a cousin also testified they had seen Johnson in front of Whatley's house.

Whatley said she had told multiple authorities that Johnson retained weapons after the imposition of the original protective order and that she was extremely concerned for the safety of her family. He sent her images of assault rifles. Johnson called her after his arrest and said, "Bitch I know it was you."

Courts properly consider the circumstances that led to the original protective order in determining whether to grant a renewal. (*Ritchie*, *supra*, 115 Cal.App.4th at 1290.) Here, those circumstances included Johnson physically breaking down Whatley's door, chasing her around her house while she held their infant daughter, threatening her, and grabbing and dragging her.

Resolving all conflicts in the evidence and drawing all inferences in favor of the judgment, the record contains sufficient evidence to support the trial court's finding Whatley had a reasonable apprehension of future abusive conduct. The trial court did not abuse its discretion.

Johnson contends the trial court's consideration of his convictions violated section 1016, subdivision (3). That section prevents the use of a misdemeanor nolo contendere plea or any admissions made in connection with the plea from being used as admissions against the defendant in later civil suits based upon

5

the same conduct. Johnson argues the domestic violence protective order hearing was a later civil suit and it was therefore improper for the court to consider his plea as an admission that he possessed a firearm in violation of the protective order. Johnson forfeited this issue by not raising it below.

Johnson also argues his trial counsel was ineffective. Whatley's opposition points out the doctrine about ineffective assistance of counsel applies only to criminal cases and thus is irrelevant to this appeal. Johnson's reply cites four cases. None mentions the doctrine of ineffective assistance of counsel. (See *People v. Yartz* (2005) 37 Cal.4th 529, 534–542; *Watson v. Dept. of Transportation* (1998) 68 Cal.App.4th 885, 889–895; *Reyes v. Liberman Broadcasting, Inc.* (2012) 208 Cal.App.4th 1537, 1543–1560, review granted and opinion superseded by *Reyes v. Liberman Broadcasting, Inc.* (2012) 149 Cal.Rptr.3d 675, review dismissed and remanded by *Reyes v. Liberman Broadcasting, Inc.* (2014) 176 Cal.Rptr.3d 265; *In re Marriage of Priem* (2013) 214 Cal.App.4th 505, 509–513.)

This presentation offers no authority for reversing the judgment.

In his reply, Johnson asks us to exercise our discretion to address the issue because it is purely legal. We decline to decide this unnecessary question.

## DISPOSITION

We affirm and award costs to Whatley.


WILEY, J.

We concur:


STRATTON, P. J.


GRIMES, J.