Filed 7/17/23  Connell v. Connell CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| MAYA CONNELL, Plaintiff and Respondent, v. AARON CONNELL, Defendant and Appellant. | 2d Civ. No. B322982 (Super. Ct. No. 21FL00943) (Santa Barbara County) |

Appellant Aaron Connell appeals an ex parte order requiring supervision during visits with his son.  The supervision requirements were initially imposed as part of a restraining order issued under the Domestic Violence Prevention Act (DVPA).  (Fam. Code, §§ 6200, 6300.)  We conclude the trial court did not abuse its discretion when it issued the order and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Aaron and Maya[1] divorced in 2018.  Their two children lived with Maya but saw Aaron on occasion.  Maya obtained a

---

[1] We use the first names of the parties for clarity, intending no disrespect.

domestic violence restraining order against Aaron in 2021 following an incident between him and their 17-year-old daughter (restraining order). The restraining order prohibited contact with his daughter and restricted him to monthly supervised visits with their nine-year-old son, A.C. It allowed unsupervised visits with A.C. to resume if, among other things, Aaron joined an alcohol monitoring program and documented his compliance.

Aaron demanded an unsupervised visit with A.C. in August of 2022. Maya requested ex parte orders keeping the original supervision requirements in effect. She expressed concern about Aaron's mental health and requested the court order him to provide a verifiable physical address before allowing unsupervised visits with A.C. Maya further alleged Aaron had not completed his 30-day alcohol monitoring program.

Maya and her counsel appeared at the ex parte hearing remotely via Zoom. The trial court granted her requests and issued an "Order After Ex Parte Application for Supervised Visitation" (ex parte order). It confirmed the original restraining order remained "in full force and effect." Aaron received notice of the hearing but did not attend in person or remotely. He appealed the order.[2]

---

[2] The DVPA contains no section governing appeals of domestic violence restraining orders. However, we treat the restraining order and ex parte order as a final judgment and order following judgment, respectively, for the purposes of appealability. (Code Civ. Proc., § 904.1, subd. (a)(1) & (2); see, e.g., *Enrique M. v. Angelina V.* (2004) 121 Cal.App.4th 1371, 1378 [custody order entered after contested hearing was a final judgment because it decided the issues raised in the complaint; later order denying request to modify appealable as an order made after judgment].)

2

DISCUSSION

Aaron states he is homeless. He challenges the constitutionality of an order conditioning his unsupervised visitation with A.C. on providing a verifiable physical address. He also contends the trial court excluded him from the ex parte hearing by failing to provide him with "appropriate accommodations" for his cognitive disabilities. We find nothing in the record showing Aaron raised these issues below. He did not oppose Maya's application despite receiving notice. New theories on appeal are generally forfeited. (See *D.Z. v. L.B.* (2022) 79 Cal.App.5th 625, 632 ["California courts recognize that claims alleging violations of due process rights can be forfeited by failing to raise them in the trial court"].) The court may, in its discretion, hear new legal arguments "'determinable from facts which not only are uncontroverted in the record, but which could not be altered by the presentation of additional evidence.'" (*In re Marriage of Priem* (2013) 214 Cal.App.4th 505, 510-511.) These conditions are not present. We dispose of the arguments on this basis but would also reject them on the merits.

Aaron contends the order's physical address requirement criminalizes his homelessness. He likens it to the anti-camping ordinance struck down in *Martin v. City of Boise* (9th Cir. 2019) 920 F.3d 584. The argument does not persuade us. DVPA confers on the trial court "a discretion designed to be exercised liberally, at least more liberally than a trial court's discretion to restrain civil harassment generally." (*Nakamura v. Parker* (2007) 156 Cal.App.4th 327, 334.) We review the granting or renewing of a domestic violence restraining order for the abuse of discretion. (*In re Marriage of Nadkarni* (2009) 173 Cal.App.4th 1483, 1495; *Gonzalez v. Munoz* (2007) 156 Cal.App.4th 413, 420.) "To the extent that we are called upon to review the trial court's factual findings, we apply a substantial evidence standard of

3

review." (*Loeffler v. Medina* (2009) 174 Cal.App.4th 1495, 1505.) We find no abuse of discretion. Requiring a restrained party to provide a verifiable address before visiting with a minor protected party was a reasonable condition under the circumstances. Maya offered unrebutted evidence of Aaron's ongoing struggles with alcoholism and his mental health.

The analogy to *Martin v. City of Boise*, *supra*, 920 F.3d 584, is factually tenuous as well. Aaron's inability to provide a verifiable physical address appears to be a consequence of living "off the grid" in the Trinity County wilderness. He implies his exile is forced, like the plaintiffs in *Martin* whose poverty drove them to sleep on city sidewalks. Aaron makes no such showing.

Aaron states the trial court failed to accommodate his disabilities, which include major depressive disorder, impaired executive functioning, and cognitive impairment. He does not explain *how* the court failed to accommodate him. Nor does he explain why he could not appear remotely (as did Maya and her counsel) or oppose the order in writing.[3]

Lastly, any error was harmless. Aaron asserts he "fulfilled all of the [restraining order's] requirements and should have had unsupervised visits with [A.C]." We find no evidence of his compliance in the record. The attestations and exhibits submitted with Maya's ex parte application provide substantial evidence to support a contrary finding. This means the supervision requirements would have remained in effect regardless of whether Aaron provided a verifiable physical

---

[3] The record confirms Aaron has used the trial court's electronic case filing system to submit documents on his own behalf before and after this date, including a request to find Maya in contempt of court only two days before the ex parte hearing.

address or appeared at the hearing.  (Code Civ. Proc., § 475; see *Soule v. General Motors Corp.* (1994) 8 Cal.4th 548, 570 [trial court error harmless if "it is not reasonably probable defendant would have obtained a more favorable result in its absence"].)

DISPOSITION

The ex parte order is affirmed.  Respondent shall recover her costs on appeal.

NOT TO BE PUBLISHED.


CODY, J.

We concur:



GILBERT, P.J.



BALTODANO, J.

5

Stephen Foley, Commissioner
Superior Court County of Santa Barbara

_____

Aaron Connell, in pro per, for Defendant and Appellant.
Maya Connell, in pro per, for Plaintiff and Respondent.