Filed 6/23/25  Marriage of Saedi and Kadivar CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re Marriage of HOUMAN SAEDI and KHADIJEH KADIVAR. | B340089 (Los Angeles County Super. Ct. No. 19STFL00117) |
| HOUMAN SAEDI, Respondent, v. KHADIJEH KADIVAR, Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Melissa C. Lyons, Judge. Reversed and remanded.

Claery & Hammond, Kai W. Lucid and Frederick M. Medill for Appellant.

Moshtael Family Law and Daniel R. Knowlton for Respondent.

Khadijeh Kadivar (appellant) appeals from the family court's order denying her request for attorney's fees and costs against Houman Saedi (respondent) pursuant to Family Code section 2030.[1] Appellant contends the court failed to make the required findings under section 2030 and should have issued a fee award because it found a disparity in income. We conclude mandatory findings and determinations under section 2030 were not made in the order denying attorney's fees and costs. Thus, we reverse and remand.

## BACKGROUND

**The marriage dissolution proceeding**

Appellant and respondent married in January 2016 and divorced in 2022. There are two minor children from the marriage. The marriage dissolution proceeding was a multiday trial involving two phases. The first phase involved child custody and related issues. The second phase concerned property division, support, and attorney's fees. Respondent was awarded sole legal and physical custody of the children among other relief. Appellant was ordered to pay a total of $3,455 per month in child support and $58,374 for retroactive child support. Appellant was also ordered to pay respondent $311,861.31 in attorney's fees under section 6344, while respondent was ordered to pay appellant attorney's fees of $49,977.77 under sections 2030 and 2032.

At trial, appellant was found to be a perpetrator of domestic violence, resulting in a rebuttable presumption under

---

[1]    All undesignated statutory references are to the Family Code.

section 3044 that joint physical or legal custody of the minor children was detrimental to their best interests. The family court found appellant failed to rebut this presumption. The court cited a domestic violence restraining order issued against appellant in November 2021 and amended in January 2022 to protect respondent and the children. The court also indicated there were two criminal protective orders issued against appellant in July 2019 and October 2019 and modified in December 2021 and August 2020, respectively, to protect respondent and the children. The court found appellant violated and committed further acts of domestic violence despite these protective and restraining orders. In addition, the court noted appellant failed to complete a batter's intervention program, alcohol or drug abuse counseling, and an appropriate parenting class.

In July 2023, appellant was incarcerated for attempted kidnapping and poisoning of respondent and the children. The criminal court remanded appellant to custody on a no-bail status pending her arraignment on the information.

**The attorney's fees and costs proceeding**

In December 2023, appellant filed a request for an order to modify child support payments and for attorney's fees and costs in connection thereto. In her request, appellant attested she was recently released from a four-month incarceration, during which she could not work. Appellant declared she could no longer work in the profession on which the original child support orders were based because her medical license had been suspended. Appellant stated she was forced to sell her house, had no income, and could not afford basic necessities for herself. Appellant maintained she had no assets or funds remaining to afford child support payments. Appellant attested respondent earned over $1 million

annually and could provide for the children without financial assistance.

Respondent filed a declaration in opposition to the request for order. Respondent asserted appellant had assets available to ensure the parties mutually honored the terms of the judgment. Respondent maintained appellant quit her job immediately after being ordered to pay child support, thus causing the disparity of income. Respondent argued appellant could have sought help from the department of child services instead of hiring an attorney to overlitigate these issues. Respondent posited there were multiple restraining orders against appellant, who perpetrated abuse against respondent and the children and now sought to take advantage of the judicial process. Respondent also noted a number of procedural defectives in the request for order, such as missing or unsigned documents and an improper request for a "guideline" amount in attorney's fees and costs.

On June 20, 2024, the family court denied appellant an award of attorney's fees in connection with her request to modify child support payments. In denying the fees request, the court found there was a disparity in income between the parties due to appellant's incarceration. However, the court concluded an award of attorney's fees was not reasonable or equitable under sections 2032 and 4320 because appellant's incarceration, which was due to a second incident of domestic violence against respondent and the minor children, necessitated the motion. The court denied appellant's request "[i]n light of the prior domestic violence restraining order after hearing issued against [appellant], the current domestic violence allegations that resulted in her incarceration, and the totality of the circumstances."

Appellant timely appealed.

4

## CONTENTIONS ON APPEAL

Appellant asserts two main arguments. First, she contends the family court failed to make the specific findings required by section 2030 when it denied the motion. Appellant argues she was prejudiced by this error because she was forced to expend additional attorney's fees to ascertain if the court satisfied the statute's requirements. Second, she asserts the court erred in denying the motion because it found a disparity of income and was thereby required to award attorney's fees and costs under section 2030. Appellant maintains the court improperly considered equitable factors beyond the scope of the statute.

## DISCUSSION

### I. Applicable law and standard of review

#### A. *Standard of review*

""""On appeal, we review an attorney fee award under section 2030 for an abuse of discretion." [Citation.] . . . [Citation.] Applying the abuse of discretion standard, we consider de novo any questions of law raised on appeal, but will uphold any findings of fact supported by substantial evidence. [Citation.] The trial court's order "will be overturned only if, considering all the evidence viewed most favorably in support of its order, no judge could reasonably make the order made."""" (*In re Marriage of Hearn* (2023) 94 Cal.App.5th 380, 394.)

#### B. *Amendments to section 2030 require the family court to issue an award based on findings of disparity in access and ability to pay*

The current version of section 2030, subdivision (a)(2), states in relevant part: "When a request for attorney's fees and

costs is made, the court *shall* make findings on whether an award of attorney's fees and costs under this section is appropriate, whether there is a disparity in access to funds to retain counsel, and whether one party is able to pay for legal representation of both parties. If the findings demonstrate disparity in access and ability to pay, the court *shall* make an order awarding attorney's fees and costs." (Italics added.) The purpose of these provisions is to ensure access to legal representation in marriage dissolution proceedings and any proceeding subsequent to entry of judgment. (*In re Marriage of Knox* (2022) 83 Cal.App.5th 15, 27–28 (*Knox*).) Indeed, the statute provides, "the court shall ensure that each party has access to legal representation, including access early in the proceedings, to preserve each party's rights by ordering, if necessary based on the income and needs assessments, one party, except a governmental entity, to pay to the other party, or to the other party's attorney, whatever amount is reasonably necessary for attorney's fees and for the cost of maintaining or defending the proceeding during the pendency of the proceeding." (§ 2030, subd. (a)(1).)

"The statutory text relevant to this appeal was added to section 2030 by the 2004 and 2010 amendments." (*Knox, supra*, 83 Cal.App.5th at p. 26.) "The version of section 2030 enacted in 1993 stated the trial court 'may . . . order' attorney fees in certain circumstances." (*In re Marriage of Morton* (2018) 27 Cal.App.5th 1025, 1049 (*Morton*).) "The 2004 amendment deleted the word 'may' and inserted text that used the word 'shall' four times." (*Ibid*.) "The 2010 amendment modified section 2030, subdivision (b) to include text stating 'the court shall make findings' and stating 'the court shall make an order awarding attorney's fees and costs' if the findings demonstrated certain conditions." (*Ibid*.)

"The textual changes made by the 2004 and 2010 legislation demonstrate that the discretionary authority granted to trial courts is not as broad as it once was and, currently, trial courts must comply with certain mandatory provisions." (*Morton, supra*, 27 Cal.App.5th at p. 1049.) "[T]he 'broad discretion' referred to in judicial decisions discussing the version of section 2030 predating the 2004 and 2010 amendments no longer exists." (*Ibid*.) "The Legislature has imposed limitations on that discretion and it is no longer accurate to refer to a trial court's 'broad discretion' when describing a trial court's responsibilities under section 2030 as currently in effect." (*Ibid*.)

Section 2030 requires the trial court to make explicit findings on three specific questions: (1) whether an award of attorney's fees and costs is appropriate; (2) whether there is a disparity in access to funds to retain counsel; and (3) whether one party is able to pay for legal representation of both parties. (See *Morton, supra*, 27 Cal.App.5th at p. 1050.) The failure to make explicit findings on these questions is reversible error if there is prejudice—that is, if "there is 'a reasonable probability that in the absence of the error, a result more favorable to the appealing party would have been reached.'" (*Id*. at p. 1051.) "Pursuant to section 2030, subdivision (a)(2), if the mandatory 'findings demonstrate disparity in access and ability to pay, the court shall make an order awarding attorney's fees and costs.'" (*Id*. at p. 1053.)

Here, the required findings and determinations were not made in accordance with section 2030 with respect to whether appellant was entitled to an award of attorney's fees and costs. The family court did find there was a disparity of income between the parties. However, the court made no finding as to whether

7

one party was able to pay for the legal representation of both parties. Further, there was no determination if the findings demonstrated disparity in access and ability to pay for legal representation. Instead, the court found an award of attorney's fees was not reasonable or equitable because appellant's incarceration necessitated the motion, noting the incarceration was due to appellant's second incident of domestic violence against respondent and the children. However, these considerations do not involve issues concerning disparity of access and ability to pay and therefore are beyond the scope of the statute. Nothing in the statute indicates such equitable factors may be considered in deciding if the moving party is entitled an award of attorney's fees. Since there is evidence respondent has substantially more funds than appellant, it is reasonably probable appellant would have received a more favorable result. Accordingly, the matter is reversed and remanded for the court to make the required findings and determinations under section 2030.

## II. The family court failed to make mandatory findings and determinations under section 2030

### A. *Section 2030 does not allow consideration of factors unrelated to disparity in access and ability to pay*

Respondent contends section 2030 allows equitable factors to be considered because it requires a finding that an award of attorney's fees and costs is "appropriate." However, this position is not supported by the language of the statute. "The words of the statute must be construed in context, keeping in mind the statutory purpose, and statutes or statutory sections relating to the same subject must be harmonized, both internally and with

each other, to the extent possible." (*Dyna-Med, Inc. v. Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1387.) Here, although section 2030 requires a finding that a fees award is "appropriate," the next sentence of the statute states, "[i]f the findings demonstrate disparity in access and ability to pay, the court shall make an order awarding attorney's fees and costs." (§ 2030, subd. (a)(2).) Thus, the purpose of the "appropriate" finding and the two other required findings is to determine whether there is disparity in access and ability to pay. The language indicating the court *shall* award attorney's fees and costs makes such an order mandatory when the findings demonstrate a disparity in access and ability to pay. (See *Knox, supra*, 83 Cal.App.5th at pp. 28–29.) The statute's requirement of a finding that a fees award is "appropriate" is therefore limited to factors relating to disparity to access and ability to pay for legal representation.

Such an interpretation of section 2030 is consistent with other provisions of the statute. Section 2030, subdivision (a)(1), mandates the trial court to ensure each party has access to legal representation to preserve each party's rights by ordering one party to pay the other party whatever amount reasonably necessary based on an income and needs assessment. Thus, if a court could consider equitable factors unrelated to the parties' disparity in access and ability to pay, this would contravene the statute's express purpose. While the family court understandably considered appellant's incarceration and domestic violence incidents, such considerations went beyond the scope of section 2030. Accordingly, we conclude the family court did not have discretion under section 2030 to consider factors unrelated to

9

disparity in access and ability to pay in deciding whether to award attorney's fees and costs.

Respondent also argues sections 2032 and 4320 allow the family court to consider what is just and reasonable in determining whether to award attorney's fees, including documented evidence of any history of domestic violence. Under section 2032, subdivision (a), "[t]he court *may* make an award of attorney's fees and costs under Section 2030 or 2031 where the making of the award, and the amount of the award, are just and reasonable under the relative circumstances of the respective parties." (Italics added.) Factors for determining what is just and reasonable under section 2032 include "the circumstances of the respective parties described in Section 4320." (§ 2032, subd. (b).) One of the circumstances described in section 4320 is "[a]ll documented evidence of any history of domestic violence." (§ 4320, subd. (i).)

Although sections 2032 and 4320 contain terms permitting factors including domestic violence to be considered for attorney's fees decided thereunder, these sections are *discretionary* provisions separate from section 2030. There is no authority establishing such discretionary provisions override the mandatory obligation in section 2030 to award attorney's fees when there is a disparity in access and ability to pay. Indeed, "[w]hen considering an application for attorney fees, the trial court must comply with the mandatory provisions of the statute because discretionary authority 'must be exercised within the confines of the applicable legal principles.'" (*Morton, supra*, 27 Cal.App.5th at p. 1050.) Thus, sections 2032 and 4320 do not allow the court to circumvent its mandatory obligations under section 2030.

In addition, respondent cites *Darab Cody N. v. Olivera* (2019) 31 Cal.App.5th 1134 (*Darab Cody*) to support his argument the family court had discretion to consider appellant's incarceration and domestic violence incidents. However, *Darab Cody* is not helpful because that decision relied on a case predating the 2004 and 2010 amendments for the proposition that the court may consider each party's conduct when considering a request for attorney's fees. (See *id.* at p. 1143 ["When considering a request for attorney fees, 'the trial court must determine what is just and reasonable under the circumstances, taking into consideration . . . *the conduct of each party*.' (*In re Marriage of Czapar* (1991) 232 Cal.App.3d 1308, 1319, italics added.)"].) We note *Darab Cody* involved section 7605, not section 2030. (See *Darab Cody*, at pp. 1142–1143.) The authority directly on point with this matter involving section 2030 makes clear the family court no longer has such broad discretion in determining whether to award attorney's fees.[2] (*Knox, supra*, 83 Cal.App.5th at pp. 24–25; *Morton, supra*, 27 Cal.App.5th at p. 1049.)

---

[2] Respondent also cites *C.T. v. K.W.* (2021) 71 Cal.App.5th 679 (*C.T.*) in support of this argument. However, *C.T.* only cites *Darab Cody* in a footnote for the same proposition that a trial court must determine what is just and reasonable under the circumstances, including considering each party's conduct, when deciding a request for attorney's fees under section 7605. The matter in *C.T.* was remanded for further proceedings to determine if the appellant may recover attorney's fees pursuant to section 7605. (*C.T.*, at p. 687.) Thus, *C.T.* is likewise not instructive for the same reasons discussed here.

**B.**   ***Sections 4324.5 and 4325 do not now apply to this case because there is no criminal conviction***

Respondent asserts sections 4324.5 and 4325 support the denial of appellant's motion because there was documented evidence that appellant committed a violent domestic felony or misdemeanor. Section 4324.5 imposes certain limits on awards of spousal support and attorney's fees in any proceeding for dissolution of marriage where there is a criminal conviction for a domestic violence felony. (§ 4324.5, subd. (a).) Under section 4324.5, subdivision (a)(2), "[t]he injured spouse shall not be required to pay any attorney's fees of the convicted spouse out of the injured spouse's separate property." Section 4325 applies when there is a criminal conviction for a domestic violence misdemeanor. (§ 4325, subd. (a).) Section 4325 contains the same prohibitions on spousal support and attorney's fees as section 4324.5, but the statute instead applies a rebuttable presumption. (§ 4325, subd. (a)(1)–(2).)

Sections 4324.5 and 4325 do not apply here because appellant has not sustained a criminal conviction for a domestic violence felony or misdemeanor. Indeed, respondent concedes there is no actual record of conviction against appellant. Although these statutes might be relevant in the future if there is a criminal conviction, nothing in the record here shows they can be applied now.

Respondent cites *In re Marriage of Priem* (2013) 214 Cal.App.4th 505 and *In re Marriage of Freitas* (2012) 209 Cal.App.4th 1059 to support his argument. Although the orders denying spousal support in *Priem* and *Freitas* were affirmed, these cases both involved criminal convictions for domestic violence. (*Priem, supra*, at pp. 508–509, 513–514; *Freitas, supra*,

at pp. 1062, 1070, 1076.) Thus, neither of these cases show sections 4324.5 and 4325 can be applied absent a criminal conviction.

## III. A lack of a statement of decision and reporter's transcript does not result in waiver of appellant's arguments or in implied findings in favor of the order

Respondent contends appellant waived any arguments concerning lack of findings because the record does not show she raised this specific issue, and she failed to request a statement of decision thereon. We disagree.

""""As a general rule, theories not raised in the trial court cannot be asserted for the first time on appeal; appealing parties must adhere to the theory (or theories) on which their cases were tried. This rule is based on fairness—it would be unfair, both to the trial court and the opposing litigants, to permit a change of theory on appeal . . . ."""" (*American Indian Health & Services Corp. v. Kent* (2018) 24 Cal.App.5th 772, 789.) "Whether an appellate court will entertain a belatedly raised legal issue always rests within the court's discretion." (*Farrar v. Direct Commerce, Inc.* (2017) 9 Cal.App.5th 1257, 1275, fn. 3.)

Appellant here raised all of the required findings under section 2030 in her motion. Appellant showed a fees award was appropriate because she lost her job and medical license and could no longer support herself. Further, appellant demonstrated a disparity in access to funds to retain counsel. Appellant maintained respondent was more than capable of providing for the children without financial assistance, while appellant had no income or assets and could not afford basic necessities. Appellant also showed respondent could pay for legal representation of both

13

parties by indicating he earned over $1 million annually. Thus, there was fair notice that each of the required findings under section 2030 were at issue in the proceeding.

Moreover, because the error appears on the face of the order, a request for statement of decision was not needed to notify the family court of the lack of required findings under 2030. The court expressly indicated it was denying attorney's fees due to appellant's domestic violence incidents despite a disparity of income. The language of the order sufficiently shows the court was aware of the required findings under section 2030 but determined there were other overriding factors justifying a denial of attorney's fees.

In addition, respondent posits appellant's failure to request a statement of decision triggered all implied findings in support of the order because the error does not appear on the face of the record. "In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court." (*Construction Financial v. Perlite Plastering Co.* (1997) 53 Cal.App.4th 170, 179.) However, "if an error appears on the face of a judgment roll or other partial transcript it is not to be presumed on appeal that the error was cured by some proceeding not appearing in the transcript . . . ." (*Utz v. Aureguy* (1952) 109 Cal.App.2d 803, 806–807.)

As noted above, the error appears on the face of the record. The order denying the motion explicitly shows an award of attorney's fees was rejected under sections 2032 and 4320 due to factors unrelated to disparity in access and ability to pay. The family court expressly acknowledged there was a disparity in income. But instead of making a finding on whether respondent could pay for both parties' legal representation and determining

if there was a disparity in access and ability to pay, the court denied a fees award based on "the prior domestic violence restraining order after hearing issued against [appellant], the current domestic violence allegations that resulted in her incarceration, and the totality of the circumstances." As discussed above, these factors fell outside the scope of section 2030 and could not be properly considered in deciding if an award of attorney's fees and costs was mandatory.

## IV. The disentitlement doctrine is not proper because there was no obstruction of the attorney's fees proceeding

Respondent asserts this appeal should be dismissed under the disentitlement doctrine because appellant quit her job immediately after being ordered to pay child support and committed multiple acts of domestic violence.

"The disentitlement doctrine enables an appellate court to stay or to dismiss the appeal of a party who has refused to obey the superior court's legal orders." (*In re Marriage of Hofer* (2012) 208 Cal.App.4th 454, 459 (*Hofer*).) "'Dismissal is not "a penalty imposed as a punishment for criminal contempt. It is an exercise of a state court's inherent power to use its processes to induce compliance"' with a presumptively valid order.'" (*Ibid*.) "Appellate disentitlement 'is not a jurisdictional doctrine, but a discretionary tool that may be applied when the balance of the equitable concerns make it a proper sanction . . . .'" (*In re E.M.* (2012) 204 Cal.App.4th 467, 474.) "'No formal judgment of contempt is required; an appellate court "may dismiss an appeal where there has been *willful disobedience or obstructive tactics*. [Citation.]" [Citation.] The doctrine "is based upon fundamental equity and is not to be frustrated by technicalities."'" (*Blumberg v. Minthorne*

(2015) 233 Cal.App.4th 1384, 1391.) "Thus, the disentitlement doctrine prevents a party from seeking assistance from the court while that party is in 'an attitude of contempt to legal orders and processes of the courts of this state.'" (*Hofer, supra*, at p. 459.)

The disentitlement doctrine is not applicable here because there have been no violations of orders obstructing the current proceedings. Appellant quitting her job after being ordered to pay child support is not a willful violation of an order. And while appellant was previously found to have violated domestic violence restraining orders, nothing shows those separate matters obstructed these proceedings. *Hofer* is instructive. There the husband was ordered to pay the wife's attorney's fees pursuant to section 2030. (*Hofer, supra*, 208 Cal.App.4th at pp. 456–457.) The husband appealed, arguing the evidence of his financial circumstances were insufficient. (*Ibid.*) However, the husband had withheld such evidence in violation of three separate discovery orders and sanctions. (*Ibid.*) The appeal was dismissed under the disentitlement doctrine as "[the husband's] refusal to abide by the rules for discovery precluded the trial court from considering the very evidence he claims is necessary to support the attorney fee award." (*Id.* at p. 458.) The *Hofer* court concluded the court did its best to award attorney's fees and was not required to wait until the husband decided whether he would comply with the discovery orders. (*Id.* at p. 460.)

Thus, *Hofer* demonstrates the disentitlement doctrine was proper when the appellant's refusal to comply with discovery orders obstructed the proceedings, which hindered the court's ability to properly consider the merits of the motion. The circumstances here are not similar. As discussed above, appellant's incidents of domestic violence are matters beyond the

16

scope of section 2030 when determining if attorney's fees must be awarded. Nothing shows those incidents obstructed the court's ability to rule on the merits of the motion or otherwise disrupted the process of the court.

## V.       Any procedural defects were not prejudicial

Lastly, respondent contends the order should be affirmed because the motion could alternatively be denied on procedural grounds. Respondent asserts a number of procedural defects: (1) appellant's counsel failed to submit a declaration under *In re Marriage of Keech* (1999) 75 Cal.App.4th 860 detailing the attorney's experience and professional reputation, the nature of the litigation, and why the fees requested are necessary and reasonable to assist the family court; (2) only appellant signed her income and expense declaration, FL-150, and not her attorney; and (3) appellant improperly requested "guideline" attorney's fees rather than a specific amount in fees. Respondent argues the lack of compliance with these procedures may be a tactical decision to avoid scrutiny as to the reasonableness of appellant's counsel's work.

A procedural defect or irregularity will generally not determine a matter's outcome absent a showing of prejudice. (See *Knox, supra*, 83 Cal.App.5th at p. 39 ["Having identified a procedural error, the next question is whether that error was prejudicial."].) Respondent fails to show he was prejudiced by the family court's decision to rule on the motion's merits despite the procedural defects he identifies.[3] The defects identified are

---

[3]       Respondent also asserts appellant's appendix is deficient because it does not contain the notice of appeal and the register of actions, as required by California Rules of Court, rules

17

relevant to an inquiry into the reasonableness of the requested attorney's fees amount. But the court entirely denied a fees award without reaching the issue as to the reasonableness of the amount requested. If the court ever reaches this issue, the defects identified could be determinative, but that would be subject to the court's discretion. For purposes of the issues on appeal here, however, the procedural defects were not prejudicial.

In short, this matter must be reversed and remanded since the required findings and determinations under section 2030 were not made. While a disparity of income was found, the family court never found whether respondent was able pay for both parties' legal representation or determined if the findings demonstrated a disparity in access and ability to pay. Section 2030 requires the court to ensure access to legal representation based on an income and needs assessment. Thus, facts concerning appellant's incarceration were improperly considered as they went beyond the scope of the statute. The failure to make the required findings and determinations was prejudicial because the record shows there is a reasonable probability appellant is entitled to an award of attorney's fees and costs under section 2030.

---

8.124(b)(1)(A) and 8.122(b)(1)(A) and (F). We note respondent fails to provide any reasoned argument as to how he was prejudiced by these procedural defects or why the appeal should be dismissed thereby. (See *Delta Stewardship Council Cases* (2020) 48 Cal.App.5th 1014, 1075 ["When an appellant . . . asserts [a point] but fails to support it with reasoned argument and citations to authority, we treat the point as forfeited."].) Accordingly, we conclude these procedural defects were not prejudicial.

**DISPOSITION**

The June 20, 2024 order denying the request for order for attorney's fees and costs is reversed. On remand, the family court shall make each of the required findings under section 2030 and issue an award of attorney's fees and costs consistent with findings demonstrating a disparity in access and ability to pay, if any. Appellant is awarded her costs on appeal.

CHAVEZ, J.

We concur:

LUI, P. J.

ASHMANN-GERST, J.